Simmons Hardware Company v. N. A. Davis et al.

No. 179.

**1. Common Source of Title—Practice.**

    The theory of the doctrine of common source of title is, that proof of a claim of title by one under another is prima facie evidence as against the claimant that the title was at one time in that other; so that when the plaintiff shows that he has a valid chain of title from a certain grantor, and that the defendant claims under the same grantor, without proving what the defendant's title is, he shows prima facie that he is owner of the land; and it then devolves upon the defendant to show the superiority of his own title. See example...................... 147

**2. Fact Case.**

    It was agreed upon the trial that plaintiff and defendant claimed under common source. Plaintiff then proved levy of attachment upon the land in suit against the common source, judgment, foreclosure, sheriff sale, and deed for the land to plaintiff. The defendant introduced no testimony. *Held*, error in the trial judge to instruct a verdict for defendant ................................................................. 148

Error to Court of Civil Appeals for Fifth District, in an appeal from Camp County.

*Morris & Crow* and *W. R. Heath*, for plaintiff in error.—Plaintiff having introduced its evidence deraigning title in itself from the agreed common source, made out a prima facie case, and was entitled to a verdict and judgment in the absence of proof by the defendants, and the court should have charged the jury to find for the plaintiff. Sayles' Civ. Stats., arts. 4794, 4802; Stephens v. Hix, 38 Texas, 656; Tapp v. Corey, 64 Texas, 594; McNamara v. Meunsch, 66 Texas, 68; Montgomery v. Carlton, 56 Texas, 361.

*E. A. King*, for defendants in error.—Before the burden of proof shifts in any case the plaintiff must establish a prima facie case in his favor. This can not be done in trespass to try title by merely showing a writ of attachment, judgment, execution, and sheriff's deed to plaintiff, and then showing that defendant claims under the defendant in the original execution. The plaintiff must go further, and show that defendant's claim originated after the levy of the writ of attachment. Sebastian v. Martin-Brown Co., 75 Texas, 291; Keys v. Mason, 44 Texas, 143; Hill v. Allison, 51 Texas, 390; Ann Berta Lodge v. Leverton, 42 Texas, 18; Harlan v. Haynie, 9 Texas, 459; Hillman v. Meyer, 35 Texas, 538.

GAINES, Associate Justice.—This was an action of trespass to try title, brought by the plaintiff in error against the defendants in error. The judgment of the trial court was in favor of the defendants, and it was affirmed by the Court of Civil Appeals.

It was agreed between the parties, that both claimed under one L. G. Davis, and that he was the common source of title. Upon the trial the plaintiff introduced in evidence a writ of attachment in its favor against L. G. Davis, together with a levy on the land in controversy as his property; a judgment in the attachment suit against the defendant therein, foreclosing the lien of the attachment on the land, and ordering it to be sold for the satisfaction of the judgment; the order of sale in pursuance of that decree, with the sheriff's return, showing that he had sold the land under the order of sale, and that the plaintiff had become the purchaser; and a sheriff's deed conveying the land in accordance with the sale. The plaintiff then rested, and the defendants offered no evidence. The court then directed a verdict for the defendant, which was accordingly returned.

We are of opinion, that when the plaintiff showed a valid title emanating from the common source, it made a prima facie case. If the plaintiff in an action of trespass to try title, in order to maintain his action, prove that both he and defendant claim from a common grantor, and if in doing this he should exhibit the defendant's title, and it should appear upon its face to be superior to his own, he can not succeed, unless he go further, and show that notwithstanding its apparent soundness, it is for some reason invalid.

This is what was meant when it is said, in Keys v. Mason, 44 Texas, 140, that a plaintiff shows a prima facie right " by proof that the defendant and himself claim the land under a common source of title, and that his is the better right or superior title under the common source." It is not meant that the plaintiff in every case shall prove not only that both claim from the common source, but that he shall also show specifically the nature of the defendant's claim, and then attack its validity. Such a rule would lead to the unreasonable result, that it would devolve the duty upon the plaintiff of proving facts not presumed to be within his knowledge, but which are presumed to be known to his adversary. That is to say, he would have to make out the defendant's case.

The theory of the doctrine of the common source is, that proof of a claim of title by one under another is prima facie evidence as against the claimant that the title was at one time in that other; so that when the plaintiff shows that he has a valid chain of title from a certain grantor, and that the defendant claims under the same grantor, without proving what the defendant's title is, he shows prima facie that he is owner of the land, and it then devolves upon the defendant to show the superiority of his own title.

In Sebastian v. Martin-Brown Company, 75 Texas, 291, the plaintiff claimed the land under execution sale and a sheriff's deed, as in this case; and after showing that he had acquired the title of the defendant in execution, he proved that the defendant claimed also under an execution sale, without showing which was the older title. The view of the court

was, that since he had shown that the defendant had a title of the same nature as his own, which might be superior in point of time, he ought to have gone further and proved that it was in fact inferior. In the present case there was an agreement as to the common source, and we think the plaintiff could not reasonably be required to show what the defendant's title was. The defendant may have had no title whatever, and the plaintiff may have found it impossible to prove the negative. Our conclusion is supported by the following cases: Tapp v. Corey, 64 Texas, 594; McNamara v. Meunsch, 66 Texas, 68; Montgomery v. Carlton, 56 Texas, 361; and Stephens v. Hix, 38 Texas, 656.

We are asked to reverse and render the judgment; but there are expressions in the opinion in Sebastian v. Martin-Brown Company, supra, which are calculated to mislead and which have probably misled counsel and the courts. We therefore deem it just to reverse the judgments and remand the cause, and it is so ordered.

*Reversed and remanded.*

Delivered June 14, 1894.