### TEMPLE LUMBER CO. v. ALEXANDER GILMER LUMBER CO. (No. 1380.)

(Court of Civil Appeals of Texas. Beaumont. March 30, 1926.)

**1. Appeal and error ⊕=1071(1)—Appellant under facts held not prejudiced in right of appeal by fact findings were marked filed after expiration of statutory period (Rev. St. 1925, art. 2247).·**

Where trial court ordered findings and conclusions·of law to be filed as of true date, which was within statutory period required by Rev. St. 1925, art. 2247, and it further appeared that findings and conclusions of law, as well as a full and complete agreed statement of facts approved by trial court, were at all time readily accessible to appellant, *held*, that appellant was not prejudiced in his right of appeal by fact findings were shown by file mark to have been filed more than 10 days after expiration of term.

**2. Trespass to try title ⊕=41(1)—Plaintiff held not to have shown title in specific 20 acres claimed in petition, nor to a joint ownership in an undivided 20 acres claimed in alternative.**

In trespass to try title, where plaintiff in petition claimed a specific 20 acres described by metes and bounds, or in alternative a joint ownership of an undivided 20 acres, *held*, finding that plaintiff had not shown title either to 20 acres specifically divided, or joint ownership in the undivided 20 acres as claimed in alternative, was supported by record.

Appeal from District Court, Sabine County; T. B. Hamilton, Special Judge.

Trespass to try title by the Temple Lumber Company against the Alexander Gilmer Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. Minton, of Lufkin, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

O'QUINN, J. Appellant sued appellee in trespass to try title to 20 acres of land, a portion of the M. A. Lowe 160-acre survey in Sabine county, Tex. The petition described the land by metes and bounds, but there was a plea that if appellant was mistaken in its right to recover the specific 20 acres described, it and appellee were the joint owners of the whole of said M. A. Lowe survey; it being the owner of an undivided 20 acres. Appellee answered by general demurrer, general denial, and plea of not guilty. The case was tried before the court without a jury

and judgment rendered for appellee, from which judgment this appeal is taken.

The following map or plat will be of aid in understanding the case:

On July 1, 1887, S. P. McElroy, owner of the Lowe survey, and Jno. W. McElroy and wife, owners of the J. W. McElroy survey, in a joint deed conveyed said two surveys of land to S. W. Blount, with the following exception:

"Save and except forty acres on the line of said two surveys partly on each to be run in an oblong square so as to include the dwelling, lots, orchards, and improvements of said Jno. W. McElroy where he now resides."

Blount conveyed the land to S. W. Herndon, and Herndon conveyed same to appellee. J. W. McElroy and wife conveyed 20 acres out of the east end of the Lowe survey to J. L. McElroy. This is indicated by the square C, D, E, F, on the above plat. S. P. McElroy, on January 23, 1911, conveyed 20 acres of the Lowe survey to Ragley-Saner Lumber Company. This is represented by the square A, B, C, D, on said plat. This 20 acres was later conveyed by the Ragley-Saner Lumber Company to the Temple Lumber Company, appellant, and this is the land in controversy. Both of the 20-acre tracts above mentioned are wholly in the Lowe survey.

At the request of appellant, the court filed his findings of fact and conclusions of law, which are:

#### "Findings of Fact.

"(1) Prior to and on July 1, 1887, the Lowe survey was owned by S. P. McElroy, and John W. McElroy lived on the adjoining McElroy survey and had thereon certain improvements.

"(2) On July 1, 1887, S. P. McElroy and J. W. McElroy and wife conveyed to S. W. Blount the whole of the two surveys (that is, the Lowe and the McElroy), 'save and except 40 acres on the line of said two surveys, partly on each, to be run in an oblong square so as to include the dwellings, lots, orchards and improvements of the said John W. McElroy where he now resides.' This exception has never been surveyed out. The foregoing deed was recorded promptly and prior to the hereinafter-mentioned deeds.

"(3) It appeared from S. P. McElroy's testi-

mony, and I find the fact to be, that 40 acres run in an oblong square so as to include the dwellings, lots, and improvements of the said John W. McElroy, where he resided at the date of the above-mentioned deed, would not reach the Lowe survey.

"(4) It further appeared that prior to 1910 Cousins and Lawrence, under some character of contract with S. P. McElroy, cut the timber from 20 acres shown as C, D, E, F, on the attached plat.

"(5) By deed recorded September 9, 1910, S. P. McElroy, as attorney for J. L. McElroy and wife, conveyed to J. M. Payne the 20 acres represented by C, D, E, F, on the plat. No title whatsoever was shown into J. L. McElroy and wife, or either of them; but, if title to any part of the Lowe did not pass to Blount, the same was in S. P. McElroy at the date of the conveyance to Payne.

"(6) By deed dated January 23, 1911, S. P. McElroy conveyed to Ragley-Saner Lumber Company, and later that company conveyed to plaintiff, the 20 acres represented by A, B, C, D, on the plat.

"(7) Reagan now occupies a part of the John W. McElroy improvements, and in recent years he has taken area C, G, H, F, on the McElroy survey, containing about 27½ acres, for his use. The complement of this to make 40 acres would fall on the Payne tract, letters C, D, E, F; but this was never surveyed out until recently and does not include all of the John W. McElroy improvements at the date of the Blount deed.

"(8) Plaintiff sues for area A, B, C, D, and the alternative for 20 acres undivided, and for a partition.

"Conclusions of Law.

"In my opinion plaintiff has shown no title to the 20 acres marked A, B, C, D, or to 20 acres undivided. Unless he located A, B, C, D, as included in the exception in the Blount deed, he failed to show any title thereto. He showed by his own witnesses S. P. McElroy and Reagan that the exception did not include area A, B, C, D. Likewise he failed to show any title to 20 acres undivided on the Lowe. Since plaintiff showed no title, judgment should be for defendant, and it is unnecessary to consider defendant's title.

"August 5, 1925.

"T. B. Hamilton, Special Judge."

We think the findings of the court are amply supported by the evidence, and we adopt same as our findings.

[1] One proposition advanced by appellant for the reversal of the case is that the trial court failed to file his findings of fact and conclusions of law within 10 days after the adjournment of the term of court, as required by article 2247, Revised Statutes 1925 (article 2075, Texas Complete Statutes 1920), and that such failure has seriously injured appellant in the prosecution of its appeal.

The transcript was filed in this court on October 22, 1925, and it did not contain any findings by the court. On November 3, 1925, proper application for writ of certiorari was made by appellee, and the findings of fact and conclusions of law were brought up and filed as a part of the record herein. Relative to the said findings, the record discloses the following: The term of the court ended on July 31, 1923. The request for findings was duly made by appellant, and the findings were made, signed by the court, and delivered to the clerk of the court for filing. The original file mark shows that the clerk filed same on August 12, 1925. The transcript discloses that appellee, discovering that said findings were filed as of August 12th, on September 2, 1925, filed in the district court a motion setting up the fact that said findings had been signed by the court and delivered to the clerk on August 5, 1925, and that they should have been filed as of said date, and prayed that they be so filed. The order of the court on said motion recites:

"On this the 2d day of September, 1925, came on to be heard before me the foregoing motion, plaintiff having given notice thereof as required by law, and it appearing that plaintiff has no objection to present to the court in respect thereto, and the facts set out in the foregoing motion appearing to the court to be true, it is ordered that said findings of fact and conclusions of law be filed as of August 5, 1925."

As above shown, the transcript herein was not filed in this court until October 22, 1925, so that said findings were not only filed within the time required by law, under the order of the court, but were at the command of appellant for more than two months before the filing of the transcript. Moreover, there is a full and complete statement of the facts in the record, agreed to by the parties and approved by the court and brought up and filed with the transcript in the case. It thus appears that the court's findings and a full statement of facts agreed to by the parties and approved by the court were at all times accessible to appellant, and therefore it was in no wise prejudiced or suffered any injustice in the preparation or presentation of its appeal. Barfield v. Emery, 177 S. W. 952, 107 Tex. 306; Riley v. Austin, 245 S. W. 907, 112 Tex. 216; Railway v. Stewart (Tex. Com. App.) 257 S. W. 526.

[2] The judgment of the trial court should

be affirmed. The deed from S. P. McElroy, owner of the Lowe survey, and John W. McElroy and wife, owner of the J. W. McElroy adjoining survey, conveyed to Blount all of each of said surveys except 40 acres. The exception in the deed reads:

"Save and except forty acres on the line of said two surveys partly on each to be run in an oblong square so as to include the dwelling, lots, orchards, and improvements of said Jno. W. McElroy where he now resides."

This exception has never been surveyed. Appellant holds under the exception. S. P. McElroy testified, and the court found, that if 40 acres were run out in an oblong square so as to include the Jno. W. McElroy improvements as mentioned and required in the exception in the deed, it would not reach the Lowe survey. The witness Reagan, who owned the Jno. W. McElroy improvements, corroborated this. The 20 acres in controversy are entirely on the Lowe survey. Without going into an extended discussion of the evidence, we will say that we think the court's finding that appellant had not shown title to the 20 acres specifically described in its petition, shown on the plat as square A, B, C, D, and that it had also not shown title to an undivided 20 acres of the Lowe survey, is fully supported by the record, and judgment was properly rendered for appellee.

The judgment is affirmed.