## LUCKEL v. SESSUMS et al.
### No. 4466.

Court of Civil Appeals of Texas.
Texarkana.
May 3, 1934.

Rehearing Denied May 10, 1934.

Wynne & Wynne, of Longview, for plaintiff in error.

Chauncey & Chauncey, Campbell, Lee, Taylor & Leak, and Ghent Sanderford, all of Longview, Syd Reagan, of Centerville, W. Edward Lee, of Longview, House, Wilson & House, of Dallas, Beeman Strong and A. D. Moore, both of Beaumont, H. R. Moore, of Houston, and Carl McLynn, of Beaumont, for defendants in error.

LEVY, Justice.

The defendants in error, L. A. Sessums and the Guiberson Oil Company, a corporation, brought the suit in trespass to try title to 45 acres of land out of the William Robinson survey in Gregg county. The defendants named were F. L. Luckel, J. G. McGrede, Gus Davis; Yount-Lee Oil Company, and a number of other persons. The defendants in error alleged that on May 22, 1931, L. A. Sessums was and still is the owner of an undivided ⅜ interest and that S. A. Guiberson, Jr., vendor of the Guiberson Oil Company, was the owner of an undivided ¼ interest in the minerals under the land subject to an oil and gas lease executed by J. G. McGrede to B. A. Skipper, May 9, 1930.

The defendant F. L. Luckel answered by general denial, plea of not guilty, and by way of cross-action sought to recover as against L. A. Sessums and S. A. Guiberson, Jr., and the Guiberson Oil Company the title and possession of 6.72 acres of land. He specially pleaded:

"Defendant F. L. Luckel owned said land in fee simple under a record title, and had owned the same for several months, owning and claiming under a purchase from Gus Davis, who had owned the title to such property by limitation for many, many years. The plaintiffs L. A. Sessums, S. A. Guiberson, Jr., and Guiberson Oil Company entered upon such property on January 1, 1932, and ousted this defendant therefrom and continue to withhold the possession thereof from this defendant to his damage in the sum of $5,000.00."

L. A. Sessums and the Guiberson Oil Company answered the cross-action and pleaded not guilty.

L. A. Sessums offered in evidence a patent from the state of Texas to Wm. Robinson; a deed from J. R. Castleberry to Tom Thomas, and deeds respectively from Tom Thomas to Gus Davis; a deed from Gus Davis and wife to J. G. McGrede; a deed from Gus Davis and wife to J. D. Davis; oil and gas lease from J. G. McGrede to B. A. Skipper; mineral deed from J. G. McGrede to L. A. Sessums of ½ interest in the minerals; mineral deed from L. A. Sessums to S. A. Guiberson, Jr., of ⅛ interest in the minerals; mineral deed from J. G. McGrede to S. A. Guiberson of ⅛ interest in the minerals; mineral deed from S. A. Guiberson, Jr., to Guiberson Oil Company of ¼ interest in the minerals. There was no conveyance offered from the patentee, William Robinson, to J. R. Castleberry.

The principal point urged on appeal is, that the defendants in error did not deraign title from the sovereignty of the soil or from a common source. The appellees answered the contention, namely:

"Plaintiff in error having pleaded that he 'owned the land in fee simple' and 'owning and claiming under a purchase from Gus Davis, who had owned the title to such property by limitation for many, many years,' and these defendants in error having shown that they hold title to the land sued for under or through Gus Davis, it became unnecessary for these defendants in error to show the conveyance from Gus Davis to plaintiffs in error in order to show common source of title; for Gus Davis as the common

source of title was admitted in the pleadings of plaintiff in error."

The answer is sufficient. It is the rule that where both parties claim title under the same grantor, the plaintiff, in the first instance, need go no further than the title of the person under whom they both claim, for, as between them, the older is the better title and must prevail. Organ v. Maxwell (Tex. Civ. App.) 140 S. W. 255; Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S. W. 62; Curdy v. Stafford, 88 Tex. 120, 30 S. W. 551; 19 C. J. §§ 39, 40, p. 1061; 9 R. C. L. p. 846; Davis v. Lund (Tex. Com. App.) 41 S.W.(2d) 57. There is no need "to prove a fact admitted in the pleadings." Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S. W.(2d) 187, 188.

There is no reversible error in the other assignments presented and they are accordingly overruled.

The judgment is affirmed.