### FEDERAL LAND BANK OF HOUSTON v. BROOKS et al.
### No. 3315.

Court of Civil Appeals of Texas. Beaumont.

Dec. 13, 1938.

Rehearing Denied Jan. 4, 1939.

Dissenting Opinion Jan. 6, 1939.

Lane & Anderson, J. M. Sanders, Dallas Ivey, and Davis, Avery & Wallace, all of Center, George P. Murrin, of Houston, and Seale & Thompson, of Nacogdoches, for appellees.

O'QUINN, Justice.

By his warranty deed, dated the 18th day of January, 1918, W. L. McClendon conveyed to R. Hairston two tracts of land out of the Thomas Smith headright survey in Shelby County; tract No. 1 described as containing "about 57½ acres of land", and tract No. 2 as containing 80 acres of land. On the 19th day of November, 1919, Robert Hairston, joined by his wife, executed a deed of trust to appellant, The Federal Land Bank of Houston, naming H. M. Gossett as trustee, to secure appellant in the payment of their note to it, of even date with the deed of trust, for the sum of $2,000. Under a sale by its trustee, foreclosing its deed of trust, appellant bought all the land covered by its deed of trust and was given a deed by its trustee, dated the 13th day of September, 1935.

This was an action in trespass to try title by appellant against A. B. Brooks, Dr. G. B. Lake, Robert Hairston and wife, Ida Hairston, Mrs. Vivie Taylor, a widow, individually and as administratrix of the estate of W. A. Taylor, deceased, Rebecca Ann Taylor, a minor, Mrs. Stroud Kelly, widow, individually and as administratrix of the estate of Stroud Kelly, deceased, W. H. Kelly, a minor, L. R. Wallace, Guaranty State Bank of Timpson, and the Center National Farm Loan Association, to recover the title and possession of the land described in the deed of trust from Hairston to appellant. By an alternative plea, appellant plead the execution of its deed of trust, the foreclosure of the deed of trust under a sale by its trustee, and its purchase at its trustee's sale, and the conveyance to it of the title to the land by the trustee, by deed dated the 13th day of September, 1935; and prayed that, if for any reason it was denied recovery under its action in trespass to try title, it have judgment for its debt against Robert Hairston, who had executed its note, the Center National Farm Loan Association, who had endorsed its note, and A. B. Brooks and Dr. G. B. Lake, who had assumed the payment of its note, and that it have a foreclosure of the deed of trust lien against all of the defendants. Of the answers and cross actions of the defend-

Lewis Rogers, Chas. L. Terry, Carl Runge, and H. A. Berry, all of Houston, for appellant.

ants, it is sufficient to say that they filed pleas of not guilty.

On trial to the court without a jury, appellant gave notice to the defendants, and each of them, that it would develop its title under the theory of common source, and that in proof of its title it would offer in evidence the following deeds, and under its notice, these deeds were offered and received in evidence: (a) The deed from McClendon to Hairston; the deed of trust from Hairston to Gossett for its benefit; the deed by its trustee under the foreclosure of its deed of trust, dated the 13th day of September, 1935; (b) Deed dated the 30th day of December, 1932, from Robert Hairston, conveying to Stroud Kelly and T. P. Todd 66 acres of land deeded to him by McClendon and conveyed by him to Gossett as trustee; deed dated the 19th day of September, 1923, from Kelly and Todd, conveying this 66 acres to W. A. Taylor; deed dated the 2nd day of January, 1924, from W. A. Taylor, conveying this 66 acres to A. B. Brooks; deed dated the 2nd day of September, 1929, from A. B. Brooks, conveying this 66 acres back to W. A. Taylor; (c) Deed from Robert Hairston to H. P. McLendon, dated the 12th day of January, 1920, conveying to H. P. McLendon the 71½ acres of land conveyed by W. L. McClendon to Robert Hairston, and by Robert Hairston to Gossett as trustee for appellant; deed dated the 2nd day of December, 1922, from H. P. McLendon, conveying this 71½ acres to G. B. Lake; deed dated the 20th day of October, 1923, from G. B. Lake, conveying this 71½ acres to A. B. Brooks. The instruments recited above were all the muniments of title offered in evidence.

On conclusion of the evidence, the lower court rendered judgment in favor of appellant against all the defendants for the above described 66 acres of land; judgment was also rendered in favor of appellant against all the defendants for the 71½ acres of land except "as to the defendants, Mrs. Vivie Taylor, individually and as administratrix of the estate of W. A. Taylor, deceased, Rebecca Ann Taylor, a minor, and Mrs. Stroud Kelly individually and as administratrix of the estate of Stroud Kelly, deceased," hereinafter referred to as appellees, and as to them it was decreed that "The Federal Land Bank of Houston, shall take nothing as to the 71-½ acres tract of land as hereinafter described." Appellant has perfected its appeal to this court from that part of the judgment denying it recovery against the appellees.

All parties concede that appellant was entitled to judgment for the 66 acres of land against all of the defendants; in this respect the judgment of the lower court is affirmed.

We overrule appellees' contention that the 66 acres of land and the 71½ acres of land were not shown to be a part of, and to constitute, the land conveyed by Robert Hairston to Gossett as trustee for appellant.

We sustain appellees' contention that appellant failed to show common source between its claim to the 71½ acres of land and any right, title, claim, or interest claimed by appellees; the two chains of title offered in evidence by appellant wholly failed to raise the issue of common source. Appellant made no effort to offer in evidence the chain of title from the original grantee, nor did it offer any evidence of prior possession. The plea of not guilty filed by appellees put appellant, as plaintiff, upon affirmative proof of its title. Appellant could have protected its interest, on the conclusion of the introduction of its evidence, by taking a nonsuit as to appellees. It did not do that, but asked for a judgment on its action in trespass to try title against them at the hands of the court. The evidence compelled the court to render judgment against appellant on the issue of title of the 71½ acres of land as it related to its claim against the appellees.

Appellant can have no relief on its alternative plea to enforce its deed of trust against appellees. The deed of trust was merged into its title by the deed made to it by its trustee, and no attack was made upon the trustee's sale.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.

COMBS, J., dissents.

On Rehearing.

O'QUINN, Justice.

Under Art. No. 7382, R.C.S., the plaintiff in trespass to try title need not deraign title beyond the common source. The rule of common source is thus stated by 41 Tex.Jur., 509: "The fundamental

principle is that where both plaintiff and defendant claim title under the same grantor, the plaintiff in the first instance need deraign title no further than that person under whom they both claim."

It is thus stated by our Supreme Court in Rice v. Railroad Co., 87 Tex. 90, 26 S.W. 1047, 1048, 47 Am.St.Rep. 72: "The rule as to the common source is that when the plaintiff has proved that he and the defendant claim title to land from a common source, and that, of the two titles emanating from that source, he is superior, he shows a prima facie right to recover."

Also, in Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S.W: 62, 63, our Supreme Court said: "It is not meant that the plaintiff in every case shall .prove, not only that both claimed from the common source, but that he shall also specifically show the nature of the defendant's claim, and then attack its validity."

Again, in Burns v. Goff, 79 Tex. 236, 14 S.W. 1009, our Supreme Court said [page 1010]: "The rule which renders it unnecessary for plaintiff to deraign title beyond the common source is one of convenience."

These authorities and propositions are advanced by appellant on its motion for rehearing, but they are not in point on the facts of this case. Under all the authorities, and no court has held to the contrary, to establish common source the plaintiff is required to show that he and the defendant deraign title under and through the same person, and to recover, that he has the superior title under the common source. The nature of the defendants' claim under the common source is immaterial—but the plaintiff must tie him into the common source by a claim of title of some sort. And the proof of common source must be to the very land in controversy—the land described and sued for in the plaintiff's petition, controverted by defendants' plea of not guilty.

In its motion for rehearing, appellant is in error in its construction of the facts. We quote: "It is believed that this Court has ignored the fact that so far as appellant's chain of title is concerned the 139½ acre tract of land constitutes one tract of land out of one Survey and passed to appellant by conveyance as such. * * * In the instant case, a 139½ acre tract constituted a single tract of land upon which The Federal Land Bank of Houston

had a lien at the time appellees took their conveyance. So far as appellees and appellant were concerned the lien of The Federal Land Bank of Houston constituted a single lien upon all the land, and appellees took subject to the lien, and when the trustee's deed was executed to The Federal Land Bank of Houston they acquired and took title from and under the defendants in the trespass to try title suit, and thereafter held such title under and through the defendants, and appellant having shown that it held its title under the defendants themselves it was not required to go further in order to establish a prima facie case."

As shown by the statement made in the original opinion, appellant holds under W. L. McClendon, who conveyed the 137½ acres of land (referred to by appellant as 139½ acres) to R. Hairston, appellant's mortgagor, in two separate and distinct tracts—one containing 57½ acres, and the other 80 acres. Appellant contends that between it and appellees McClendon is the common source; so, under appellant's chain of title, the issue between it and appellees involves two separate and distinct tracts of land, specifically described. Under the pleadings and proof, appellees' claim to the 137½ acres of land was by and under two separate and distinct tracts; the one containing 66 acres of land—as to this tract appellees entered their disclaimer; and on this disclaimer appellant was awarded judgment; the other containing 71½ acres of land. The 66 acres, to which appellees disclaimed, included the 57½ acres and 8½ acres out of the 80 acre tract; the 71½ acres, the balance of the 80 acre tract. The 71½ acres is the only land in controversy between appellant and appellees, and appellees answered by pleas of not guilty. Thus stated—and it is an accurate statement—the issue, and the only issue, before the trial court between appellant and appellees was the title to the 71½ acres of land. Many other parties were named defendants by appellant, but under the evidence there was no privity between them and appellees. Having failed to establish against appellees, "common source," that is, that it and they claimed the 71½ acres of land through and under the same person, and having failed to introduce in the evidence any other character of title, appellant failed to establish against appellees a prima facie title to the 71½ acres of land, and judgment was correctly

rendered that appellant "take nothing" against appellees.

If appellant had sued appellees only for the 71½ acres of land and appellees had been the only defendants, we do not understand from its argument that it would now claim title against appellees. But, since R. Hairston in his mortgage to appellant described the 137½ acres of land as one specific tract of land, appellant contends that proof that appellees claimed under the common source a specific tract out of the 137½ acres—the 66 acres—was proof that they also claimed the 71½ acres under the common source. We quote from appellant's motion for rehearing: "The holding of this Honorable Court in the instant case, if permitted to stand, will in effect eradicate the established rule of law permitting proof of common source of title in trespass to try title suit, because it would require plaintiff to show that the defendant held some claim upon every foot of the given tract of land sued for. This Honorable Court has laid down a rule which would require in most instances in trespass to try title suits proof of such facts in order to show common source, that in few cases could a plaintiff show common source even though all the defendants were claiming under a common grantor with the plaintiff. * * * It has many times been held, and is definitely established by the authorities in this State that a plaintiff suing in trespass to try title who shows a chain of title emanating from a grantor to it and shows a claim of title to the defendants under the same grantor has shown common source of title and may recover the land sued for if his title is prima facie superior."

Our holding does not "eradicate" the established rule of law permitting proof of common source, nor does it limit or modify the rule to the least extent. In our construction of the facts of this case, we have recognized and applied the law of common source as brought forward by appellant in its motion for rehearing and supported by the authorities cited above. We recognize, as held by our Supreme Court in the Goff Case, supra, that the common source rule is one of "convenience," but no court has ever construed the rule of convenience as relieving the plaintiff, in the first instance, of proving common source. In no case called to our attention has any court held that proof of common source to a specific tract of land constituted proof of common source to a separate and specifically described tract of land, though the plaintiff may have sued for both tracts under one general description.

The construction we have given appellant's facts does not place "a new and additional burden" upon the plaintiff beyond the general rule of proof of common source, but enforces the rule recognized by all of the authorities. It may be, as asserted by appellant, that in only a few cases "could a plaintiff prove that each defendant claimed all the title." The answer to this contention is simple; that the plaintiff should not make anyone a party defendant to his suit unless he has the superior title to the land in controversy—the very land in controversy—under the common source, or can establish a superior title under some other rule of law. Having made appellees a party to this suit, appellant, as against their plea of not guilty, was required to make out a prima facie case of superior title to the 71½ acres of land—the very land in controversy—or be cast in the judgment. It knew from its pleadings and proof that appellees asserted no claim under anyone in its chain of title to this land; on this statement, appellant rested under the burden of tracing its title to the original grantee, or of proving title by prior possession. Since the 137½ acres of land was conveyed by McClendon to Hairston, as two separate tracts, and since appellees claimed 71½ acres of the 80 acre tract, no presumption arises that the two separate tracts of land were held by the same chain of title under the original grantee; no presumption arises that appellees did not hold a superior title originating beyond McClendon's conveyance to Hairston. We repeat; the issue between appellant and appellees, tried by the trial court, was a simple action in trespass to try title, involving the title and possession of 71½ acres of land: As against appellees' plea of not guilty, appellant established no character of title to the land, and, therefore, the court properly entered judgment against it that it "take nothing as to the 71½ acres" as against appellees.

Motion for rehearing overruled.

COMBS, Justice (dissenting).

I cannot assent to the majority holding in this case. It is conceded by all parties that the precise question involved in this case has never been passed upon by the courts of Texas. As I view it, the majority

in effect have held that where a plaintiff sues for title and possession of land which he acquired as a single tract, and describes in his pleadings as a single tract, he must show that the defendant, or each defendant if there be more than one, asserts some character of claim or title to all of the tract, in order to make a prima facie title under the common source statute. So far as the two specific tracts involved in this suit are concerned, they were created by conveyances made by the mortgagor to the predecessors in title of the two sets of defendants after the plaintiff acquired its deed of trust. Unquestionably, under all of the authorities, had the mortgagor Hairston not divided up plaintiff's tract by such subsequent conveyances, plaintiff could have established its prima facie title under the common source statute without the trouble and large expense of proving up its title from the sovereign. Yet the majority have held in effect that because of these subsequent conveyances the plaintiff lost such right which it previously had, and because plaintiff's counsel who tried this case did not anticipate that such construction would be placed on the statute by the courts, a judgment has been affirmed which it seems to this writer is clearly unjust. It takes from the plaintiff 71 acres of its land and vests the title in appellees, who so far as the record shows have not a shadow of title or claim to it. It is perfectly apparent that had the other line of defendants adopted the same method of pleading plaintiff would have lost every acre of its land in the same way, and purely upon a technical construction of the statute. It occurs to this, writer that even if the construction adopted by the majority be the correct rule, still the case should not be affirmed but should be remanded in order that it may be more fully developed. To affirm the judgment is to impose a severe penalty indeed for counsel not anticipating what the courts would hold on a matter of first impression.

But, regardless of the right or wrong of the instant case, it seems to this writer that the construction placed upon the common source statute will greatly limit its obvious benefits. The common source statute was intended as a rule of convenience and economy, enabling a plaintiff to make a prima facie showing of title to the land sued for by showing that the defendant, or defendants, are asserting some character of claim or title under a common source without the necessity of proving up title by the expensive processes of filing certified copies. It is obvious that the longer the lapse of time after patenting of a tract of land, with the multiplicity of transfers in the chain of title, the greater the expense in proving up the title. This should strongly urge upon the courts the practical benefits of liberally construing the statute so as to effectuate its purpose. Fortunately, that can be done without any serious danger of making it an instrument of injustice. For after all the proof of title by common source merely establishes a prima facie case for the plaintiff, shifting to the defendant the duty of going forward with his proof. It then devolves upon the defendant, in order to defeat the prima facie case, to show title in himself, or to show a superior outstanding title. Keys v. Mason, 44 Tex. 140; Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S.W. 62, 63; Davis v. Lund, Tex.Com.App., 41 S.W.2d 57; Luckel v. Sessums, Tex.Civ.App., 71 S.W. 2d 579; Word v. Houston Oil Co., Tex. Civ.App., 144 S.W. 334, 335, writ refused.

To illustrate what to this writer's way of thinking is the harmful effect of the rule announced by the majority, let us suppose that the owner of a tract of land desires to clear his title against the apparent claims of a number of persons holding quitclaim deeds, or other evidences of claim under a common source, to a number of segregated portions of the land involved. In such case, under the majority holding, it will be necessary for the plaintiff to sue each such claimant for the particular portion of the tract which he is known to claim if plaintiff is to rely upon common source to establish his title. And having gone to the added burden and expense of a multiplicity of suits, his title is still not clear when he is through, for he has only barred the claim of each such defendant to the portion for which he was sued. He has not been able to require a disclosure and judicial determination of any claim which the defendant may have to any other portion of the tract. The result will be then that in many such cases the prudent lawyer will be compelled to advise his client to clear up his title by the expensive process of establishing title from the sovereign. In the present case it would seem probable, when the value of the land involved as reflected by the record is taken into consideration, that such a procedure would likely cost as much as the land involved is worth.

Finally, the majority rule involves another matter that should be given consideration. For if, as the writer believes, it will greatly add to the expense of land litigation, it will obviously give to many an unfounded and unjust claim, "a nuisance value" which may encourage such claims being asserted merely in the hope of a settlement.

The above observations are submitted in the hope of calling the attention of the bench and bar to the importance of the matter involved. To the writer's way of thinking, we have here come to the fork in the road and prudence should urge upon us very careful consideration of the possible future effects of the rule which may be established in this litigation.

It follows from what is said above that I think the judgment of the trial court should be reversed. It is my further view that since under the rulings of the trial court appellees were not required to offer their proof the case should not be rendered but should be remanded to the trial court in order that appellees may exhibit their title, if any they have.