THE FEDERAL LAND BANK OF HOUSTON V. A. B. BROOKS ET AL.

No. 7535. Decided October 30, 1940.
(143 S. W., 2d Series, 928.)

*Carl Runge, H. A. Berry* and *C. L. Terry,* all of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that plaintiff in suit for trespass to try title for a single tract of contiguous land did not prove common source by showing that each of the defendants in error claimed a part of the land sued from by conveyances from Hairston and his wife under whom plaintiff showed itself to hold superior title to that of each of the defendants. Burns v. Goff, 14 S. W. 1009; Keys v. Mason, 44 Texas, 140; Luckel v. Sessums, 71 S. W. (2d) 579.

*Davis, Avery & Wallace,* of Center, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is an action in trespass to try title instituted by plaintiff in error, The Federal Land Bank of Houston, against a number of defendants, their names being set out in the opinion of the Court of Appeals. 124 S. W. (2d) 161. As we view the record, the question for decision is not at all involved or difficult and it is thought that a condensed statement will be sufficient to disclose the basis of our holding.

Robert Hairston and wife, Ida Hairston, executed to plaintiff in error their promissory note and, as security therefor, executed and delivered to M. H. Gossett, trustee, a deed of trust conveying to such trustee 137 1/2 acres of land out of the Thomas Smith headright survey in Shelby County, said land being one tract and being described as such in the deed of trust. Later by trustee's deed the land was conveyed to plaintiff in error and thereafter this suit was instituted to try title thereto. The land was described in the petition as one tract the same as in the deed of trust and trustee's deed. After the deed of trust was executed Hairston and wife conveyed 66 acres of the land to Stroud, Kelley and T. P. Todd and 71 1/2 acres thereof to H. P. McLendon. The defendants below were Kelley, Todd and McLendon, and all persons shown by the records to be claiming any interest in the property under them. Some of the defendants defaulted, others filed disclaimers and still others filed answers containing pleas of not guilty. The plaintiff in error introduced certain instruments, not necessary here to detail, for the purpose of establishing, (a) common source, and, (b) that from such source its title was superior to that of the defendants. It so happened that all of the defendants who filed pleas of not guilty, being hereinafter called defendants in error, were claiming under the Kelley and Todd deed to the 66 acre tract. So far as the record disclosed, they had no interest in the 71 1/2 acre tract. At the conclusion of the testimony the trial court rendered judgment awarding to plaintiff in error the 66 acre tract, but decreeing that it take nothing as to the 71 1/2 acre tract as against the defendants in error, that is, those who filed pleas of not guilty.

The effect of the take nothing judgment was to vest title in said defendants to the 71 1/2 acre tract. Art. 7391, R. C. S. No evidence whatever was offered showing any character of title to the 71 1/2 acre tract in the defendants in error. It thus would appear that plaintiff in error recovered from defendants in error the land claimed by them, but defendants in error recovered from plaintiff in error the land as to which there is no evidence that they had any claim. This strange situation

resulted from the conclusion of the trial court, with which the Court of Civil Appeals concurred, that plaintiff in error proved common source as to the 66 acre tract, and, also proved title thereto superior to that of defendants in error, but that it did not prove common source as to the 71 1/2 acre tract; and, since it did not undertake to establish title from the sovereignty of the soil, it failed to make out a case. It is evident that, had one of the defendants in error been claiming under a deed to the 71 1/2 acres and the other defendant in error been claiming under a deed to the 66 acres, then the result in the trial court would have been that plaintiff in error would have lost all of its land to defendants in error. The one claiming under deed to the 66 acres would have recovered the 71 1/2 acres and the one claiming under deed to the 71 1/2 acres would have recovered the 66 acres, all because each filed a plea of not guilty.

■ The judgments below were based upon the construction of what is known as the common source statute. That statute is Article 7382, R. C. S. 1925, and is as follows:

"It shall not be necessary for the plaintiff to deraign title beyond a common source. Proof of a common source may be made by the plaintiff by certified copies of the deeds showing a chain of title to the defendant emanating from and under such common source. Before any such certified copies shall be read in evidence, they shall be filed with the papers of the suit three days before the trial, and the adverse party served with notice of such filing as in other cases. Such certified copies shall not be evidence of title in the defendant unless offered in evidence by him. The plaintiff may make any legal objection to such certified copies, or the originals thereof, when introduced by the defendant."

The Court of Civil Appeals, one of the Justices dissenting, affirmed the judgment of the trial court. We do not agree with the trial court or with the majority opinion of the Court of Civil Appeals upon the construction of the statute.

■ In Simmons Hardware Co. v. Davis, 87 Texas, 146, 27 S. W. 62, the doctrine of common source is stated in this language:

"* * * The theory of the doctrine of the common source is that proof of a claim of title by one under another is prima facie evidence, as against the claimant, that the title was at one time in that other; so that when the plaintiff shows that he has a valid chain of title from a certain grantor, and that the defendant claims under the same grantor, without proving what the defendant's title is, he shows prima facie that he is

owner of the land, and it then devolves upon the defendant to show the authority of his own title."

In Howard v. Masterson, 77 Texas 41, 13 S. W. 635, it is stated:

"* * * When the plaintiff in an action of trespass to try title has proved that both he and the defendant claim from the same grantor, and that he has the superior title as emanating from that source, he has made out a prima facie case. No other facts appearing, it is to be presumed that the defendant claims no other title. * * *."

In Word v. Houston Oil Company, 144 S. W. 334, (error refused) it is stated:

"* * * Under this article of the statute, if a plaintiff in an action of trespass to try title shows that the defendant has a deed or chain of title from the person under whom the plaintiff deraigns title, he prima facie establishes a common source, and is not required to show title back of such common source; and if the proof stops here the plaintiff is entitled to recover, if his title under the common source is superior to that shown in the defendant. But proof by plaintiff that defendant has a deed or chain of title from the person under whom plaintiff claims only establishes prima facie that defendant is claiming under a common source, and the defendant is not precluded from showing that he holds a superior title to that held by the prima facie common source, or that there is an outstanding superior title. * * *."

■ Many other decisions of like import are collated in 41 Tex. Jur. p. 510, Sec. 42, note 16. When plaintiff in error introduced deeds showing that defendants in error claimed a portion of the tract of land described in its petition under a deed from Hairston it thereby made a prima facie case of common source. It will not be presumed that defendants in error were making claim to any other portion of that land. Under the holding in the court below, when a plaintiff sues more than one defendant in trespass to try title to a single tract of land, in order to make available the provisions of the common statute above quoted, it devolves upon him to show that each defendant claims all of the land involved in the suit. Such a construction would nullify the statute in such cases. The statute is one of convenience and should not be given that construction unless same is required by its language. To our minds, such construction is not at all required.

As we understand the opinion of the majority below, it gives recognition to the rule of common source but holds that it cannot be availed of here because the 66 acre tract and the 71 1/2 acre tract were two separate and distinct tracts of land. It appears to have been the conclusion of the majority that the 137 1/2 acre tract involved in this suit cannot be regarded as one single tract. The grounds for that conclusion, as we understand them, are these: Plaintiff in error introduced in evidence a deed from W. L. McLendon (not the McLendon named above) conveying to Hairston the 137 1/2 acres of land. That deed described the land by two sets of field notes, the one describing a tract of 57 1/2 acres and the other a tract of 80 acres. It seems clear that the two tracts constituted but one body of land. But, be that as it may, in the deed of trust executed by Hairston and wife it was described as one tract by one set of field notes. By the same field notes it was conveyed to plaintiff in error and was described by it in its petition herein. After Hairston and wife executed the deed of trust under which plaintiff in error derived title they executed two deeds to separate portions of the land, as above shown, under which the defendants claimed. One of those deeds was to a tract of 66 acres and the other to a tract of 71 1/2 acres. Those deeds could not be made to operate as against plaintiff in error, as a segregation of the 137 1/2 acre tract of land into two separate tracts. So far as its rights are concerned, the tract is still a unit.

The judgments of the Court of Civil Appeals and the district court will both be reversed and judgment will be here rendered in favor of plaintiff in error for all of the land described in its petition.

Opinion adopted by the Supreme Court October 30, 1940.