### AINSWORTH et al. v. RUEMKE et al.

### No. 11913.

Court of Civil Appeals of Texas. Galveston.

Oct. 16, 1947.

Rehearing Denied Nov. 6, 1947.

648

P. Harvey, of Houston, for appellants.

W. J. Embrey and J. E. Weisler, both of Brenham, for appellees.

GRAVES, Justice.

This appeal by the appellants, who were the plaintiffs below, in a trespass to try title suit, to recover a specifically-described 78 acres of land as being in the W. E. Allcorn League in Washington County, and a part of the John Walston Estate, from the appellees, who were the defendants below, is from a judgment of the trial court, expressly decreeing as follows:

"at the conclusion of the plaintiffs' evidence, and after the plaintiffs had rested, thereupon, the defendants filed their motion in court, for an instructed verdict, requesting the court to instruct the jury to return a verdict in favor of the defendants, by reason of the fact that the plaintiffs had failed to establish a cause-of-action under their pleadings; and the court having fully considered said motion, is of the opinion that such motion should be granted, and thereupon, the court having instructed the jury to return a verdict in favor of the defendants, the jury returned into open court the following verdict:

" 'We, the jury find for the defendants.'

"It is therefore ordered, adjudged, and decreed by the court, that the plaintiffs take nothing by their suit, and that the defendants go hence, without day."

In inveighing here against the judgment so adverse to them below, appellants controlling contention is thus in substantial substance stated in their brief:

"It is apparent from the undisputed evidence that plaintiffs and defendants claim under the will of John Walston, common source; by the terms of which he devised to his children (including Ella Jane Ainsworth, plaintiffs' mother) his estate, including the land involved, for life; with remainder in fee to her children (the plaintiffs); and the undisputed evidence further shows that the defendants hold under deed from the said Ella Jane Ainsworth, who died in April, 1941; at which time said life-estate ended; and, plaintiffs being the children of said Ella Jane Ainsworth, and owners of the fee title under the will of said John Walston, thereupon became entitled to possession of the land, and entitled to judgment."

In the state of the record brought up here as sustaining such appeal, this Court can render no other judgment than to affirm that of the Court below, upon a holding that such record wholly fails to sustain appellants' quoted presentment.

In the first place, as indicated, the trial court made no other holding—in sustaining the appellees' motion for instructed verdict in their favor—than that the plaintiffs had failed to establish the cause of action under their pleading, which brought under review the plaintiffs' evidence only; as recited, the plaintiffs had specifically described by metes and bounds the 78 acres they so sued for, their further theory as deduced from the testimony they offered in support of such specifically described land being that they and the appellees severally were claiming the same down under the will of John Walston, the grandfather of appellants, as the common source of title between them, and that of appellants was the better one.

What is considered to be a substantial and fair resume of all the testimony ap-

pellants so offered in their own behalf is this:

"(1) the probate proceedings in the Estate of John Walston, Deceased, including the application to probate the will, notice, proof of will, Will, order admitting will to probate, and Inventory and Appraisement of the Estate; (2) Plaintiff's petition in Cause No. 9132, James D. Walston, et al vs. Herbert Walston, et al., in the District Court of Washington County, Texas, (which was the partition suit referred to herein) for the sole purpose, as stated by counsel, 'of showing her name was Ella J. Ainsworth, instead of Ella J. Ellsworth,' and (3) the oral testimony of Thomas De-Witt Ainsworth, a plaintiff, who identified all the children of Ella Jane Ainsworth, the date of her decease, who testified the family moved 'out of the county to Milam County, in 1900, and while they lived on the Walston lands, they never occupied, or lived upon, the 78 acres of land sued for in this suit."

The paragraph (1) covering the probate proceedings in John Walston's estate, including his will in full, wholly failed to show any title whatever to the particular 78 acres so sued for herein to be either in the appellants themselves as such plaintiffs below, or in John Walston himself, under whose will they claimed, which they set out in full; it merely devised his property to his wife, Martha Walston, for life, and on her death to his six children, of whom Ella Jane Ainsworth was one, for their lives, and on their death to the heirs of their bodies; the will did not show that John Walston owned any lands at all, making no reference to any, the inventory of his estate merely listing this: "Land, 669 acres of Allcorn & Jamerson League, @ $15.00 per acre, Land 150 acres of Hartfield tract." This evidence did not show the land inventoried to be located even in Washington County, much less that John Walston owned the specifically-described 78 acres in the Allcorn League so sued for and described in the quoted petition of the appellants, as plaintiffs below; in other words, such inventory did not establish any title in any land therein referred to in anybody, or show that John Walston had owned any particular lands any-

where. Neither did appellants supplement such inventory and such probate proceedings by the introduction of any deeds, showing any title to any land anywhere in John Walston at the time of his death.

So that, there was nothing before the Court from the evidence so presented by the appellants raising any issue of ownership to the 78 acres of land they so sued for; that is, the mere evidence that such a will had been made by John Walston and admitted to probate did not establish nor raise any issue-of-fact over whether the appellants owned, or received title thereunder, to the 78 acres they specifically limited their claim herein to; wherefore, there being nothing else before it, the Court was left no alternative than to render the judgment it did.

■■ The other proof so summarized in appellants' favor likewise failed to show that they had ever been in possession of the 78 acres they prescribed for, hence, on their whole cause, having thus failed to show title or right of possession of any particular land, especially the 78 acres here involved, they were not entitled to recover, under these well settled authorities: Graebner v. Limburger's Ex'rs, Tex.Com. App., 293 S.W. 1100; 41 Tex.Jur. p. 492, 493; and Canon v. Scott, Tex.Civ.App., 217 S.W. 429. Neither is the rule cast upon the plaintiff of establishing title by such an affirmative showing before he can recover in any wise varied by the statute relative to common source: Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185; Atlantic Oil Producing Co. v. Hughey, Tex.Civ. App., 107 S.W.2d 613, rehearing denied 130 Tex. 255, 109 S.W.2d 1041; and 41 Tex.Jur., 498-499.

Nor was there any proof whatever to the effect that appellants and appellees claimed under John Walston as a common-source; quite the contrary.

■ While this matter is immaterial, under the holding that the burden was upon appellants to so plead and prove—at least prima facie—the title in themselves, the pleadings of both sides, on which they initially joined the issues before the Court, show that appellees claimed wholly through a deed that in no wise emanated from John

Walston; in other words, the appellants failed to tie them into the common source by claim of title of some sort, since the proof as to a common source must have been to the very land in controversy—the land described and sued for in the appellants' petition, which was controverted by the appellees' plea of not guilty. Federal Land Bank of Houston v. Brooks, Tex.Civ. App., 124 S.W.2d 161, 164; Temple Lumber Co. v. Alexander Gilmer Lumber Co., Tex.Civ.App., 282 S.W. 844.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.