## STATE v. STANOLIND OIL & GAS CO. et al.

No. 4309.

Court of Civil Appeals of Texas.

Nov. 1, 1945.

Rehearing Denied Nov. 21, 1945.

Grover Sellers, Atty. Gen., of Texas, and R. J. Long and Jack W. Rowland, Asst. Attys. Gen., of Texas, for appellant.

C. R. Winn, of Dallas, J. J. Lee, W. B. Wagner, and John Townes, all of Houston, J. L. Pitts, of Conroe, and Frank J. Scurlock and Turner, Rodgers & Winn, all of Dallas, for appellees.

COE, Justice.

This was a vacancy suit brought by F. L. Luckel under the provisions of Article 5421c, Vernon's Annotated Civil Statutes.

F. L. Luckel filed on two alleged vacancies located in Montgomery County, Texas. The Commissioner of the General Land Office rejected his application for vacancies and he brought two suits in Montgomery County, as authorized by subsection j, Section 6 of Article 5421c. The two suits we consolidated and set for trial together. Upon the date set for trial, plaintiff appeared without benefit of counsel or any expert witnesses to testify relative to the alleged vacancies. The State of Texas having intervened under the provisions of subsection j, Section 6 of Article 5421c, moved to dismiss the consolidated cases, including all cross actions that had been filed against the State of Texas and the plaintiff. The court heard testimony on the State's motion to dismiss and the plaintiff, F. L.

Luckel, testified that he did not have counsel to assist him in presenting his claims to the court and that he did not have an engineer, surveyor or other witnesses of any kind that would testify in support of his claims, and that he had no evidence except the record evidence that every one has. The State's motion to dismiss the cause, including the cross-action of the defendants, was overruled by the court, to which the State of Texas excepted and the cause proceeded to trial, whereupon the plaintiff, F. L. Luckel, introduced in evidence the following instruments: (1) Original Petition; (2) application to survey, filed with the County Surveyor on August 7, 1941, together with proof showing that the $5 surveying fee was paid, and within ten days thereafter the application was filed in the General Land Office, and that the $100 filing fee to the General Land Office was paid; (3) Commissioner of the General Land Office appointment of W. B. Chambers, Surveyor; (4) Commissioner's notice to start the survey; (5) extension of time within which to complete the survey; (6) surveyor's field notes; (7) surveyor's report; (8) rejection on November 10, 1942, of the application; (9) the original petition in No. 18,824; (10) the application filed February 10, 1941, in the County Surveyor's Office, together with $5 filing fee paid, and within ten days thereafter application was filed in the General Land Office, together with $100 filing fee; (11) Commissioner's appointment of W. B. Chambers, Surveyor; (12) Commissioner's Notice to start the survey; (13) extension of time to complete the survey; (14) surveyor's field notes; (15) surveyor's report.

After introducing the foregoing instruments, the plaintiff rested his case, whereupon the State of Texas renewed its motion to dismiss the consolidated cases, including all cross actions. This motion was overruled, to which the State excepted, whereupon the various defendants then proceeded to prove up their case on their answers and cross-actions and, as reflected by the findings of fact by the trial court, fully developed their defenses and their case under their cross-actions.

The court entered judgment for the defendants, granting all the relief sought, and the State gave notice of appeal to this court. The record on appeal was prepared under Rule 377(a) and the State brings forth one point of error as follows: "The court erred in overruling the State's motion to dismiss." Under this point, the State contends that under a proper construction of subsection j, Section 6 of Article 5421c, it gave the State the right, under the facts of this case, to have the plaintiff's suit and defendants' cross-action dismissed, its contentions being that this litigation has not been prosecuted to a final judgment binding upon the State as contemplated by the Statute, and that the district court should have sustained the State's motion to dismiss and call our attention to the last two sentences in said subsection j as supporting their contention.

Appellant raises no question as to the sufficiency of the evidence to sustain the judgment of the court nor its findings of fact and conclusions of law. The suits which were thereafter consolidated were filed January 14, 1943. The case was first set for trial for September 11, 1944, but in order definitely to determine if the trial would take place on that date the court on August 21, 1944, heard the motion for continuance. Both the plaintiff and the State filed motions for a continuance and the motions were sustained. In the State's motion it promised to be ready to try the case at the next term of court. When the case was called for trial at the succeeding term, to-wit, February 5, 1945, the State made no motion for continuance or postponement, electing to rely on its motion to have the entire case dismissed as above set out. The State makes no contention that there was any fraud practiced upon the State and makes no suggestion that there was any evidence in existence which would tend to support the plaintiff's contention that the alleged vacancies in fact existed. It makes no claim that the acts and conduct of the plaintiff or of the defendants prevented or hindered the State or the Attorney General from presenting their case. The State insists that the legislative history of the several Acts relating to granting vacancy applicants the right to litigate vacancies in connection with the statute as it now exists reflects a clear intention on the part of the Legislature to place the burden of proving the existence of vacancies upon the vacancy claimant, and that no duty rests upon the Attorney General or the State to produce and make proof in support of the State's rights in the litigation.

When the State authorizes a party to sue the State and becomes a party to that litigation, it occupies the same position as any other litigant. This rule seems well established in the jurisprudence of this state. State v. Cloudt, Tex.Civ.App., 84 S.W. 415; State v. Snyder, 66 Tex. 687, 18 S.W. 106; Anderson, Clayton & Co. v. State, 122 Tex. 530, 62 S.W.2d 107. It would hardly be contended that in a suit between individuals involving the title to land, where the defendant had filed a cross-action,· that the plaintiff would have the right to have the defendant's cross action dismissed upon the dismissal of plaintiff's suit. The State in no manner questions the right of the defendants in this cause to file a cross-action against the State, and we find nothing in the statute under consideration that would require the court to dismiss such cross action at the instance of either of the opposing parties. In fact, it is common knowledge that it is rather a practice, often resorted to in trespass to try title suits, where a cross action has been filed by the defendant, for the plaintiff to dismiss his petition and the suit proceed to trial on the cross action of the defendant. When this procedure is followed it could not be said that the suit had not been prosecuted to a final judgment. The Attorney General advances the further argument that had it been the intention of the Legislature to place the duty upon the Attorney General of Texas, upon the failure of plaintiff to diligently prosecute his claim, to be prepared to proceed to the trial of the case if he was not satisfied with the manner in which the plaintiff had prosecuted the case, that the Legislature which enacted the law, and the succeeding Legislatures would in all probability have provided money to prosecute vacancy claims when the claimants failed to diligently prosecute same, and its failure so to do shows a legislative intent to place the burden upon the claimant to prosecute. If it be true that the Legislature has placed upon the Attorney General a responsibility and has failed to provide sufficient funds to enable him to efficiently discharge such duties, it is a problem for the Legislature and not the court to solve. It was held in the case of Elms v. Giles, Tex.Civ.App., 173 S.W.2d 264, that where the vacancy claimant failed to properly prosecute his suit under the provisions of the statute under consideration, that the trial court properly dismissed the same and that the judgment was binding upon the State. See also Camp v. Gulf Production Co., 122 Tex. 383, 61 S.W.2d 773; Harris v. O'Connor, Tex.Civ.App., 185 S.W.2d 993; State v. Gulf Oil Corporation, 166 S.W.2d 197; State v. Stanolind Oil & Gas Co., Tex.Civ. App., 141 Tex. 446, 174 S.W.2d 588. We are of the opinion that the provisions of Article 5421c place very definite responsibility upon the Attorney General in regard to his duties in a vacancy suit and that they are in no wise dependent upon the action or conduct of the plaintiff, and that the purpose of requiring the Attorney General to intervene in such suits was to protect the State's rights and recover in proper cases the school lands of the State, and not for the purpose only of observing the vacancy claimant in the conduct of such cases and having such cases dismissed when the claimant failed to properly prosecute same. We can not overlook the fact that the land owners have the same rights in this character of litigation as does the State or the vacancy claimant, especially when it appears, as it does from the record in this case, that the claimants and their predecessors in title have claimed the lands in controversy, feeling secure in the boundary lines of their property for more than a hundred years. When, under such circumstances, a vacancy suit is filed we see no reason for denying to the land owners the right to have the question of their title determined and settled once and for all without being subjected to the constant fear or dread that such suits once filed and dismissed through no fault of their own may soon be filed again and continued to be so filed and dismissed until some vacancy claimant diligently prosecutes his suit to final judgment.

Being of the opinion that this suit was prosecuted to final judgment as contemplated by subsection j, Section 6 of Article 5421c, and that there was no error in the action of the trial court in overruling the State's motion to dismiss plaintiff's cause, including the cross action of the defendants, this case is affirmed.