**KRASA et al. v. DERRICO et al.**

No. 11597.

Court of Civil Appeals of Texas.
San Antonio.

March 27, 1946.

Rehearing Denied April 24, 1946.

Kelley & Looney and L. Hamilton Lowe, all of Edinburg, for appellants.

E. A. McDaniel, of McAllen, and Strickland, Ewers & Wilkins, of Mission, for appellees.

MURRAY, Justice.

This suit was instituted in the 92d District Court of Hidalgo County by Mike Derrico and Emily Palma, suing individually and as survivor in community of the community estate of herself and her deceased husband, Anthony Palma, as well as sole heir of the said Anthony Palma, against A. M. LaFever and Mabel M. Krasa, individually and as survivor in community of the community estate of herself and Adolph J. Krasa and as executrix of the estate of Adolph J. Krasa, deceased, seeking, in trespass to try title, to recover the title and possession of the following described tracts of land, to-wit: "The North Five and Fifteen One-hundredths (N 5.15) acres of Lot Fourteen (14) and all of Lots Nos. Fifteen (15) and Sixteen (16) and the South Four and Nineteen One-hundredths (S. 4.19) acres of Lot Seventeen (17) in the Dawley-Woods Subdivision 'A', a re-subdivision of agreed partition of Porcion 49, in Hidalgo County, Texas, as per map or plat thereof on file in the office of the Clerk of the County Court of Hidalgo County, Texas."

The defendants answered by general denial, plea of not guilty and a plea of three years' limitation.

The defendant A. M. LaFever ultimately disclaimed and was dismissed from the suit. The trial began to a jury but upon plaintiffs' motion an instructed verdict was given and judgment entered for plaintiffs.

Mabel M. Krasa, individually and in her representative capacities, has prosecuted this appeal.

Appellants present but one point, which is as follows: "This case should be reversed because the trial court erred in instructing the jury to return a verdict in favor of the Plaintiffs for the reason that the Plaintiffs failed to prove a superior title from the sovereignty of the soil or from a common source as against the Defendant in her capacity as Executrix of the Estate of Adolph J. Krasa, Deceased."

The plaintiffs below, who are appellees here, did not attempt to prove their title from the sovereignty of the soil, but only from an alleged common source of title. The only evidence tending to establish a common source of title consisted of a Request for Admissions, under Rule 169, Texas R.C.P., reading as follows:

"Plaintiff's Exhibit 7
No. B-14594

Mike Derrico et al.
v.
A M LaFever et al.
In the 93rd Judicial District Court of Hidalgo County, Texas.

To Mabel M. Krasa, Defendant in the above case, or her Attorneys of Record, Kelley & Looney and J Hamilton Lowe:

2. Isn't it a fact that the said Mabel M. Krasa is claiming said property of, from and through John M Krasa, who resides in Cook County, Illinois?

4. Isn't it a fact that in this suit Mabel M. Krasa is claiming the property described in Plaintiff's petition by reason of the assertion by her that the property was conveyed to John M. Krasa in trust for her deceased husband, Adolph J. Krasa?"

No answer was made to this request for admissions. It is apparent that the request was addressed only to Mabel M. Krasa, or her attorneys of record and not to her in the two representative capacities in which she was also sued. Thus the question arises, Can her failure to answer these requests be taken as admissions against her in her representative capacities? We think not.

The failure of Mabel M. Krasa to answer the request for admissions should be taken as though she had answered in the affirmative, thus, changing the questions to statements, she admitted as follows:

2. It is a fact that the said Mabel M. Krasa is claiming said property of, from and through John M. Krasa, who resides in Cook County, Illinois.

4. It is a fact that in this suit Mabel M. Krasa is claiming the property described in plaintiff's petition by reason of the assertion by her that the property was conveyed to John M. Krasa in trust for her deceased husband, Adolph J. Krasa.

It is readily seen that there is no admission on her part as to what the claim of the estate of Adolph J. Krasa, deceased, is with reference to the title to this property. It is quite possible that Mabel M. Krasa, individually, might be asserting title to the property through one source and as executrix of the estate of Adolph J. Krasa, deceased,

through an entirely different source. If appellees desired an admission as to source of title asserted by the estate they should have asked for such an admission. The admissions made by Mabel M. Krasa are sufficient to show a common source so far as she is individually concerned but not as to the estate of Adolph J. Krasa, deceased.

Appellants also contend that such admissions were not exclusive and would not preclude Mabel M. Krasa from claiming under any other claim which she might have. This is true, but the evidence was sufficient to make out a prima facie case of common source of title as to her individually. Rice v. St. Louis, A. & T. Ry., 87 Tex. 90, 26 S. W. 1047, 47 Am.St.Rep. 72. This proof raises the presumption that common source owns the title of all previous owners. McBride v. Loomis, Tex.Com.App., 212 S.W. 480. This presumption is not absolute and conclusive, but is subject to rebuttal. The issue is one of burden of proof. Howard v. Masterson, 77 Tex. 41, 13 S.W. 635. When a common source is shown the burden of proof shifts to the defendant to show a superior title under the common source, or to show that he holds under a superior title not connected with the common source, or to show that the true title is outstanding, etc. Temple Lumber Company v. Arnold, Tex.Civ.App., 14 S.W.2d 926. Mabel M. Krasa undoubtedly had the right, if she could do so, to show another and different source of title, but she offered no evidence whatsoever.

The judgment is affirmed as to A. M. LaFever and Mabel M. Krasa, individually, and is reversed and remanded as to the estate of Adolph J. Krasa, deceased.