**Pete SANCHEZ et al., Appellants,**

**v.**

**Charley CAROLAND et al., Appellees.**

**No. 15534.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 17, 1954.

Bert E. Derden, Houston, for appellants.

Ivy, Ivy & Ivy, Waurika, Okl., and Stine & Stine and Vincent Stine, Henrietta, for appellees.

MASSEY, Chief Justice.

From an order overruling a plea of privilege in a suit growing out of a truck collision, the defendants appealed.

Judgment affirmed.

The vehicle which was alleged to be a truck belonging to Pete Sanchez was parked upon the main-traveled and paved portion of a state highway (farm to market road between Charlie and Byers communities in Clay County) by Joe Vallin, who was admittedly the driver. It was alleged that Vallin was the agent, servant and employee of Sanchez, acting within the scope and course of his employment at the time he so parked the vehicle. Evidence adduced without objection upon the plea of privilege hearing established that the individual who stopped and parked the vehicle · Vallin was alleged to have stopped and parked under the circumstances at the time and place was guilty of negligence as a matter of law under the provisions of Section 93 of the Uniform Act Regulating Traffic on Highways in Texas, V.A.T.S., Art. 6701d. · Under the testimony introduced upon that hearing, we are well satisfied that the trial court was justified in the conclusion that such negligence was a proximate cause of the collision which resulted in the injuries and damages to Charley Caroland and his son, Donald Caroland, plaintiffs in the court below and appellees here.

Since, in response to Requests for Admissions of Fact served upon him under the provisions of Texas Rules of Civil Procedure, rule 169, Vallin admitted affirmatively that he drove the vehicle in question to the point where it was parked, at which place it was later struck by the vehicle owned by Donald Caroland in which Charley Caroland was a passenger, we have experienced no trouble in arriving at the conclusion that the judgment of the trial court overruling Vallin's plea of privilege was correct.

Some difficulty attends our solution of the question of whether the plea of privilege of Sanchez was properly overruled. The entire question depends upon the question of whether Vallin's negligence (resulting in the overruling of his plea of privilege) should be imputed to Sanchez. If it should be imputed to Sanchez, imputation would necessarily be grounded upon agency. Oral· evidence introduced upon the plea of privilege hearing established that Sanchez was present at the scene of the collision at the time it occurred. The same kind of evidence established that Vallin was present. In response to Requests for Admission served upon San-

chez, he admitted that the truck belonged to him. Though Vallin admitted that he drove the truck to the point in question and stopped it there, we cannot, merely because of Vallin's admission, consider that as evidence against Sanchez. Should we do so we would be holding that Vallin was Sanchez' agent for the purpose of making admissions against Sanchez' interest. Vallin had no such authority. Only Sanchez, or someone having such authority from him, could make an admission against his interest.

The following numbered requests were served upon Sanchez as part of Requests for Admissions under provisions of T.R. C.P. 169. Rather peculiar answers were returned by him. We will state the requests and, as to each, will follow it by Sanchez' answer:

(3) "Isn't it a fact that said truck belonging to the Defendant Pete Sanchez was on the occasion in question in the actual physical control of an agent or employee of the Defendant Pete Sanchez?"

(Ans.) " * * * he cannot truthfully either admit or deny the statements made in paragraph three of such request because the facts to date, do not disclose that Pete Sanchez was at the scene of the accident, or any relationship between Pete Sanchez and the unnamed driver of said request and that said request should identify the alleged agent or employee and should be specific in its request for admissions so that this defendant can intelligently answer said request for admissions and not be ambiguous, and simply 'fishing expeditions'."

(4) "Isn't it a fact that said agent or employee inquired about in request No. 3 was at the time of said collision and immediately prior thereto acting in the course of his employment as an agent or employee of the Defendant Pete Sanchez?"

(Ans.) " * * * he cannot truthfully either admit or deny the statements made in paragraph four of such request for admissions, because the facts to date do not disclose any relationship between Pete Sanchez and the unnamed driver of said truck. That this request contained in paragraph four, is not specific enough to identify the driver with whom the relationship of the agent or employee is inquired about and the said request for admissions must be specific so that the defendant can intelligently comply with said request for admissions and should not be a 'fishing expedition.' That as previously stated in this answer to said request for admissions, there are no facts to date, showing the presence of Pete Sanchez at said scene of said accident."

(5) "Isn't it a fact that the agent or employee mentioned in Request No. 3 was the Defendant Joe L. Vallin?"

(Ans.) " * * * he cannot truthfully either admit or deny the statements, because he does not know of any facts to date, showing any relationship between the defendant, Pete Sanchez, and the said defendant, Joe L. Vallin, as required about in said request for admissions. That it is true that the defendant, Joe L. Vallin, is supposed to have been operating a truck which was in collision with the truck owned by the Plaintiff, Donald Caroland."

If a trial court is not free to treat this character of answer as an admission of the facts sought to be admitted, the purposes of rule 169 would be defeated. These purposes include elimination from the facts at issue those which will not be disputed on trial. Masten v. Masten, Tex. Civ.App. Fort Worth 1942, 165 S.W.2d 225, error refused. If a party can respond to requests in this fashion, the Rule is worthless in so far as an accomplishment of this purpose is concerned. A response should be candid. In order that the Rule be made one of value and utility, we must hold that admission results from the failure to take affirmative action to avoid such a result, and that the burden is cast upon the party from whom the admission is asked to protect himself against the admission by a sworn statement, which either (1) positively denies the specific matter sought to be admitted, or (2) sets forth in detail reasons stating and justi-

fying why he cannot truthfully either admit or deny the matter. See "Commentaries on Federal Rule" at page 212, Vernon's Texas Rules of Civil Procedure, 1942 Edition, by Franki, E. R. Sunderland, 45 W.Va.L.Q. 5.

In order to accomplish the objective of the Rules of Civil Procedure with "as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable" in the application of Rule 169 and to effect its purpose, trial judges must be left free to exercise judicial discretion. Sanders v. Harder, 1950, 148 Tex. 593, 227 S.W.2d 206. In arriving at a decision as to whether a party answering Requests for Admission of Facts has discharged his burden of positive denial or of justification whenever he contends that he cannot truthfully make an admission or denial, a trial court is often required to exercise some discretion in deciding whether a fact should be considered as one about which there is no real controversy and which therefore should be deemed admitted. Appellate courts should not overrule such decisions of trial courts unless there has been an unreasonable exercise of power and discretion.

As was the case in Montgomery v. Gibbens, Tex.Civ.App. Eastland 1951, 245 S.W.2d 311, the question as to whether the person operating Sanchez' truck was in the course of Sanchez' employment was matter about which Sanchez should be fully informed, or at least should have been in position to ascertain the facts by reasonable inquiry. This would be true even had he not been present on the scene. He was present at the time the collision in question took place. Under the circumstances he was bound to have been in a position to positively deny that the person who placed his truck on the highway where it was at the time of the collision was his agent, servant or employee (acting within the course of his employment) had such not been true. Having not done so, and having not detailed a single reason stating and justifying any inability to either make

such denial or to admit the fact, a fair construction of his response would justify the conclusion its truth was admitted, and that the defendant Vallin was the agent or employee in question. This was the decision of the trial court, and it was proper to treat Sanchez' answers as admissions of the facts in question.

Judgment is affirmed.