**D. Truitt DAVIS, Appellant,**

v.

**COASTAL STATES PETROCHEMICAL COMPANY, Appellee.**

No. 14830.

Court of Civil Appeals of Texas.

Houston.

July 7, 1966.

John A. Croom, Houston, for appellant.

W. T. Blackburn, Corpus Christi, for appellee.

WERLEIN, Justice.

This is an appeal by D. Truitt Davis from an order of the trial court overruling his plea of privilege. Appellee, Coastal States Petrochemical Company, Inc., instituted

suit in Harris County, Texas, against appellant, James R. Clark, Albert E. Fagan, and Cooper Petroleum Company. Appellant filed his plea of privilege seeking removal of the suit as to him to Taylor County, Texas, the county of his residence. Appellee filed its amended controverting affidavit alleging certain acts of fraudulent representation on the part of appellant and James R. Clark, and sought to maintain venue in Harris County, Texas, under Subdivision 4 of Article 1995, Vernon's Annotated Texas Statutes, which reads in part: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

■ Appellant contends that the trial court erred in overruling his plea of privilege for the reason that appellee did not prove that any codefendant of appellant resided in Harris County. Appellee filed its request for admissions, directed to James R. Clark and his attorney of record, and the same was served on his attorney, but on no other defendant in the suit. In such request for admissions, James R. Clark was requested to admit the truth of certain matters which would establish that he was a resident of Harris County, Texas. Clark did not file any sworn statement of any kind in response to such request, and hence as to him, under Rule 169, Texas Rules of Civil Procedure, it was established that he resided in Harris County.

■ The law is well settled that under Subdivision 4 of Article 1995, V.A.T.S., one of the essential venue facts that the plaintiff must prove is that one of the codefendants in the action is a resident of the county in which the suit is filed. Burgess v. F. E. Hill Company, Tex.Civ.App., 329 S.W.2d 354; International Harvester Company v. Faris, Tex.Civ.App.1962, 360 S.W.2d 864. In the latter case, the court said:

"A necessary venue fact to be shown under Subdivision 4 is that one of the defendants is a resident of the county of the suit. Rains-Talley Funeral Home v. Adams et al., Tex.Civ.App., 231 S.W.2d 999 and cases

there cited. These matters are not made by the introduction of the allegations of the petition or of the controverting affidavits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 by the Com. of App. opinion adopted by Sup. Ct."

■ The question arises as to whether the failure of Clark to answer the requests can be taken as admissions or proof of Clark's residence as against appellant. It is our view that it cannot. Appellant had the right to cross-examine Clark or to file cross-interrogatories or requests for admissions. The admissions of Clark are hearsay as to appellant. They do not constitute legally admissible evidence or proof of any fact as against appellant. In Trice Contract Carpets & Furniture, Inc. v. Martin, Tex.Civ.App., 334 S.W.2d 554, the court said:

"Appellant contends the failure of one defendant to answer requests for admissions is binding on another defendant, in this case Mrs. Fluke. Our court in Talbott v. Hogg, 298 S.W.2d 883 (writ dismissed); and the San Antonio Court in Krasa v. Derrico, 193 S.W.2d 891, 893 have held otherwise, and we believe properly so."

In Krasa v. Derrico, 193 S.W.2d 891, which was a trespass to try title suit against Mabel Krasa, individually and as survivor of the community of herself and Adolph J. Krasa, deceased, and as executrix of Adoph J. Krasa, deceased, plaintiff's attorney requested admissions addressed to "Mabel M. Krasa, Defendant in the above case, or her Attorneys of Record, Kelley & Looney * * *" The San Antonio Court of Civil Appeals, through Chief Justice Murray, said:

"No answer was made to this request for admissions. It is apparent that the request was addressed only to Mabel M. Krasa, or her attorneys of record and not to her in the two representative capacities in which she was also sued. Thus the question arises, Can her failure to answer these requests be taken as admissions

against her in her representative capacities? We think not."

See also H. Richards Oil Company v. W. S. Luckie, Inc., Tex.Civ.App., 391 S.W.2d 135, writ ref., n. r. e.

 It is our view that appellee wholly failed in meeting its burden of proving as to appellant that one of his codefendants was a resident of Harris County, Texas, since the admission by Clark, though binding on him, did not establish as to appellant that the said James R. Clark was in fact a resident of Harris County, Texas. It was error on the part of the trial court to overrule appellant's plea of privilege to be sued in the county of his residence, and for this reason the court's order must be reversed.

■ Appellant next complains that the court also erred in overruling his plea of privilege for the reason that appellee did not prove that it relied on the alleged false representations of appellant and the said James R. Clark in extending credit to International Marketing, Inc. There were two contracts entered into between appellee and International Marketing, Inc. During the term of the first contract an arrangement for payment for products delivered was made with the bank in Abilene and the contract was paid in full. It was during this time that appellee claimed Clark and Davis made the misrepresentations. Appellant contends that appellee's witness did not at any time testify or prove that they relied on the claimed misrepresentations in entering into the second contract upon which they sued. The evidence shows that when appellee's president, Oscar S.-Wyatt, Jr., was asked, "Would you have entered into that second contract if it had not been for the statement of Mr. Clark and Mr. Davis?" he answered, "We wouldn't have sold them the material on the first contract if they had not represented to us we were trading with Cooper & Fagan, and I. M. I." The answer of the witness is equivocal. In any event, his answer is

not clear as to whether they would have entered into the second contract if it had not been for the representation that was made, since the answer could be construed as applying only to the first contract.

It is our view that justice will be best subserved by this Court not rendering judgment herein but by reversing and remanding the cause to the trial court where the evidence may be more fully developed.

Reversed and remanded.