**STATE of Texas et al., Appellants,**

**v.**

**David H. NOSER et ux., Appellees.**

**No. 264.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 19, 1967.

Rehearing Denied Nov. 30, 1967.

C. W. Pearcy, Asst. Atty. Gen., Highway Division, Austin, Travis Hiester, of Kelley, Looney, McLean & Littleton, Edinburg, for appellants.

Stonewall Van Wie III, of Rankin, Kern, Martinez & Van Wie, McAllen, for appellees.

## OPINION

NYE, Justice.

This is a suit for declaratory judgment with an alternate plea in trespass to try

title. The suit was brought by the plaintiffs to determine the title and right of possession to certain lands. The plaintiff landowners contended that they were the owners of a narrow strip of land in front of their property and that the officials of the State and County were claiming such land as part of the right of way to a public road. The plaintiffs named as defendants certain officials of Hidalgo County and of the State of Texas, individually and in their official capacities. The defendants answered and filed two dilatory pleas, the first a plea to the jurisdiction of the court based on sovereign immunity. They asserted that this was a suit against the State of Texas and that since the plaintiffs did not secure the consent of the legislature of this state to bring this suit, the court was without jurisdiction to hear the case. Subject to the foregoing plea, the State contended that the suit should be abated because the State of Texas was not, and has not been made a party to the suit; that the State of Texas was a proper, necessary and indispensable party to this cause of action. The individual defendants filed pleas of not guilty, general denials, disclaimers of any right, title or interest in the land in question as individuals or in their official capacities and alleged that they acted solely for and in behalf of the State of Texas claiming finally that the State of Texas had record title to the disputed strip of land, or if not, it had acquired an easement by prescription.

Prior to the actual trial before the court without the aid of a jury, the State of Texas filed a plea of intervention under certain stipulations whereby they would proceed to trial on the merits and that its plea of intervention would be without prejudice to the two dilatory pleas. The case then proceeded to trial in accordance with the procedure set out by the Supreme Court of Texas in the case of State v. Lain, 162 Tex. 549, 349 S.W.2d 579 (1961). Based upon the Lain case the court proceeded to trial to determine from the evidence the issue of title and right of possession and therefore delayed action on the pleas until the evidence was in. The trial court rightfully concluded that if the plaintiffs failed to establish their title and right to possession the court would enter a take-nothing judgment against the plaintiffs, the same as in other trespass to try title cases. On the other hand, the court reasoned, if the evidence established superior title and right of possession in the sovereign, the public officials would be rightfully in possession of the sovereign's land as agents of the State and their plea to the jurisdiction based on sovereign immunity would have to be sustained. The defendants' and the State's plea in abatement rests on the contention that the State of Texas was a necessary and indispensable party to the cause of action since the plaintiffs sought alternatively possession, title and damages to the land claimed and used for highway and right of way purposes by the State of Texas. Therefore, the State of Texas was the proper, necessary and indispensable party and the cause of action should be abated until the State had been made a party to the suit.

It was developed in the course of the trial that back in 1926 the County of Hidalgo decided that a certain public right of way should be widened. Condemnation proceedings were commenced all along the public road including the strip of land in question. For some reason not fully developed in the record before us, the action on this particular piece of land was never finalized and the condemnation case was dismissed. The County subsequently transferred ownership to the entire public road to the State of Texas. Just prior to the instigation of this suit the State desired to further widen the road and was met by plaintiffs' suit to determine the title to the narrow 15 ft. x 396 ft. strip of land lying adjacent to plaintiffs' property. Ancillary to plaintiff's suit, a temporary restraining order was entered and was subsequently dissolved along with a denial of the plaintiffs' application for temporary

injunction against the State of Texas, when the State of Texas filed its plea of intervention which included an alternative plea for condemnation under article 3269, Tex. Rev.Civ.Stat.Ann.

Upon conclusion of the trial on the merits, the court overruled the defendants' plea to the jurisdiction, its plea in abatement and entered judgment for the plaintiffs that they recover from the defendants and intervenor the State of Texas the title and possession to the strip of land in controversy, but that the plaintiffs take nothing under their plea for damages in trespass. The court severed the State of Texas' alternative plea for condemnation contained in its plea in intervention, and entered final judgment as to all other matters and all other parties. The defendants and the intervenor State of Texas have perfected their appeal.

■ The appellees' first counter point is that this Court has no jurisdiction over this appeal for the reason that the appeal is not from a final judgment. It is appellees' contention that the issues involved in this suit were not segregated or severed before the trial on the merits began and that it was the intent of all of the parties concerned that if the State of Texas prevailed in this suit, a final judgment would be entered; but that on the other hand, if the appellees prevailed as they contend they have, the case would simply move into a new stage of procedure and that would be by way of condemnation for a determination of the value and damages to the strip of land that was to be taken. The trial court in its judgment, severed from the main suit the State of Texas' alternate plea for condemnation and entered a final and appealable judgment as to all parties not severed. The judgment appealed from is final. Appellees' counter point is overruled.

■■ Appellants' first point is that the trial court erred in overruling defendants' plea to the jurisdiction; that this was a suit against the State of Texas instituted without legislative consent. It is the law in this state that a suit cannot be maintained against the State without the consent of the legislature. Dodgen v. W. D. Haden Company, 303 S.W.2d 443 (Tex.Civ. App.—Ft. Worth, 1957) affirmed 158 Tex. 74, 308 S.W.2d 838 (1958). It has been held that a suit is one against the State whether it be named a party against whom relief is sought or not, if the suit seeks in fact to control the State's action or subject the State to liability. Herring v. Houston Nat. Exch. Bank, 113 Tex. 264, 253 S.W. 813 (1923) and W. D. Haden Company v. Dodgen (Tex.Sup.1958). Appellants contended that actually and technically this is a suit against the State based on appellees' pleadings and defendants' answers; that the State has a claim of title of easement by prescription and that it was in possession of the land in controversy. They further contend that the State actually did have an easement by prescription and was entitled to possession and that the evidence in this case clearly shows this to be true as pointed out further in other points of error.

■■ The case turns on the question of whether or not the State has a superior title and is entitled to possession. As stated by Chief Justice Calvert in State v. Lain, supra:

"* * * If the evidence establishes superior title and right of possession in the sovereign, the officials are rightfully in possession of the sovereign's land as agents of the sovereign and their plea to the jurisdiction based on sovereign immunity should be sustained. If, on the other hand, the evidence establishes superior title and right of possession in the plaintiff, possession by officials of the sovereign is wrongful and the plaintiff is entitled to relief."

"On the other hand" * * *

as stated by judge Calvert (page 581 of 349 S.W.2d):

"One who takes possession of another's land without legal right is no less a

trespasser because he is a state official or employee, and the owner should not be required to obtain legislative consent to institute a suit to oust him simply because he asserts a good faith but overzealous claim that title or right of possession is in the state and that he is acting for and on behalf of the state."

██ We hold that the evidence supports the trial court's findings and conclusions of law which are to the effect that the defendant public officials were acting as individuals and their action was not that of the sovereign. The trial court held that plaintiffs had title and the right of possession and the State failed to establish an easement by prescription. As pointed out hereafter in more detail in this opinion, we uphold the trial court's ruling. Therefore, the court was correct in overruling the appellants' plea to the jurisdiction.

██ Appellants filed a plea in abatement contending that the State of Texas was a necessary, proper and indispensable party to this suit and that until the State was made a party the suit should be abated. This too was taken under advisement by the trial court and finally overruled at the conclusion of the evidence. This action by the trial court is the basis for appellants' second point. The judgment here was against the individuals and is predicated upon an incidental determination that title and the right to possession of the land in question is in the plaintiffs and as such is not binding on the sovereign. The Supreme Court in Lain said that if those who wrongfully claimed title or the right of possession are sued in their official capacities as well as individually, this cannot alter the rule. To hold otherwise would exhalt form over substance. It is then that the Court said:

" * * * The judgment against the individuals, predicated as it is upon an incidental determination that title and right of possession is in the plaintiff, is not binding on the sovereign."

Since the State's title and right of possession is only incidentally determined and the decision was not binding on it, the State was neither a necessary nor indispensable party and the trial court was correct in overruling appellants' plea in abatement. Appellants' point is overruled. It should be noted however that once this plea in abatement was overruled, the State of Texas' plea of intervention (stipulated as it was to be subject to the plea to the jurisdiction and the plea in abatement) came into effect and the State then became an actual party voluntarily on whom the trial court's judgment is binding.[1]

██ Appellants' points 3, 4, 5 and 6 contend that there is no evidence or insufficient evidence to show that Carl Edmund was a common source of title and the State did not admit this fact and there was no evidence that Carl Edmund ever had record title. In a trespass to try title action the plaintiff must of course recover on the strength of its own title and not on the weakness of its adversaries. In general, the plaintiff can sustain his burden in making out a prima facie case in one of four ways: (1) he can prove title emanating from the sovereignty of the soil to himself; (2) he can prove title in himself emanating from a common source to which the defendant claims; (3) he can prove title by adverse possession (proved in himself or in some predecessor whose title he has acquired); or (4) he can prove prior possession at a time antedating defendant's possession thereof. Appellees claim that they have shown title in themselves emanating from a common source from which the defendants claim title by prescription. (In other points

---

1. Once the State voluntarily makes itself a party to a lawsuit any matter by way of defense or cross-bill may be urged against it and a judgment will bind it. State v. Martin, 347 S.W.2d 809 (Tex. Civ.App.—Austin, 1961, ref., n. r. e.) ; Commonwealth of Massachusetts v. Davis, 160 S.W.2d 543 (Tex.Civ.App.— Austin 1942) reversed on other grounds, 140 Tex. 398, 168 S.W.2d 216; State v. Stanolind Oil & Gas Co., 190 S.W.2d 510 (Tex.Civ.App.1945 err. ref'd).

appellees also claim prior possession). Common source may be shown either by the pleadings of the parties, by agreements and stipulations or by proof upon trial. Goode v. Davis, 135 S.W.2d 285 (Tex.Civ.App.—Ft. Worth 1939, wr. dism., judgm't correct); Luckel v. Sessums, 71 S.W.2d 579 (Tex. Civ.App.—Texarkana 1934, wr. dism.); Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S.W. 62. Appellees answered these points of the appellants by claiming that they introduced into evidence the State of Texas' plea of intervention which pleading stated that the County of Hidalgo had condemned from Carl Edmund the subject property[2] and therefore the State by transfer from the County had derived their claim of title from him. The State's pleading stated further that the State's· ownership was based either upon record title or upon an easement through use by the State of Texas over a period of 25 years, as well as upon having acquired during the year 1940 the rights of the County of Hidalgo, which, at that time the county at the very least had an easement for the said purposes over the said described land upon the basis of its use and prescription for such purpose over a period of 14 years.

■ Appellees proved that there was no judgment entered in the condemnation suit brought by the County against Carl Edmund; and that there were no recorded easements to the county or State to the disputed strip of property. Appellees showed title through various means and conveyance into Carl Edmund and a regular chain of title to themselves. Since the State claimed title in its pleadings emanating from the condemnation by the County of the property from Carl Edmund and that they had acquired title either by the condemnation or by prescription this evidence is sufficient to show a common source to which the defendants claim.

■ The appellants claiming a prescriptive right does not change the fact that they are claiming in their pleadings a record title through the common source of Carl Edmund. Where a claim of limitation title derives from possession under prior grantees, then since the source of their title emanates from that person or persons they are a common source if the other party also claims from the same grantees. Moran v. Stanolind Oil & Gas Co., 127 S.W.2d 1012 (Tex.Civ.App.—Ft. Worth 1939, err. dism. judg. corr.). There was no dispute as to the common chain of title.

■ Appellants contend that the appellees are relegated to a showing of their title from the sovereignty of the soil to themselves since this was set forth in their pleading. This is not so. A party is not required to introduce all of the links set forth in his pleading so long as he can show a better title than his adversary. 41–A Tex.Jur., § 165, p. 709. It is not necessary to go back to the sovereignty of the soil where there is an undisputed common source of title. Hoffman v. Tolbert, 327 S.W.2d 604 (Tex.Civ.App.—Texarkana 1959). These points are overruled.

■ Appellants' points 7, 8, 9, 10 and 11 are that the trial court erred in holding (7) that plaintiffs discharged their burden of proof and/or proved a good, indefeasible record title in and to the 15 foot strip of land in controversy, because there was no evidence of record title, adverse possession, or a prior possession by plaintiffs; (8) insufficient evidence as to the above; and (9) that the court erred in overruling defendants' motion for judgment where there was no evidence or insufficient evidence as to all of the above contentions. Point 10 is that the trial court erred in holding that plaintiffs and their predecessors in title have always been in possession of the

---

2. The petition of the State claimed title from the *then* owners of the land as set forth and described in the petition for condemnation. The petition for condem-

nation introduced into evidence showed the *then* record owner to be Carl Edmund.

strip of land in question, using, claiming and enjoying the same exclusively, openly, peaceably, continuously and adverse of all persons as there is no evidence (and Point 11 there is insufficient evidence) to support such finding. Appellants' points 7, 8 and 9 are multifarious and should not be considered. Appellees concede that they made no attempt to prove title from the sovereignty of the soil or by limitation. Appellees claimed and the trial court found that they had title in themselves by and through a common source, and by proof of prior possession. There was evidence that the State of Texas had not exercised possession or control of the disputed strip. We have examined all of the voluminous record and exhibits introduced into evidence, which substantiates plaintiffs' claim of possession to the disputed strip of land and the State's lack of possession and control. We hold that there is sufficient evidence to support the trial court's judgment of prior possession by the plaintiffs. Appellees' points are overruled.

■ Appellants' 12th point is that the trial court erred in failing to give any effect to the judicial admissions made by appellees in introducing the plea of intervention of the State of Texas into evidence. The State claims that when the plaintiffs introduced the State's plea of intervention, that it was for "all purposes" and therefore the plaintiffs are bound by the State's pleadings. We have carefully reviewed all of the testimony concerning the offer of this pleading into evidence, the objections and its admission. We conclude that it was not the purpose of the court nor the parties to the suit that the same be introduced into evidence at that time for all purposes. The State was careful to see that the pleading was introduced for a limited purpose and subject to the prior stipulations and the orders of the court. The plaintiffs' offer for the purpose of admission and for other limited purposes was clearly reflected from the record. It was the understanding of all of the parties and the court that the pleadings were

being admitted for the limited purpose offered by the plaintiffs to show the State's claim or pretended claim to the easement. It was further obvious that the court was honoring the State's admonition that the plea of intervention was still subject to the stipulations of counsel and the orders of the court. This point is overruled.

■ Appellants' points 13 through 20 are evidence points and are closely related and are presented together by the appellants. Point 13 is directed to the court's failure to admit into evidence the testimony of witness Evans to the effect that the Commissioners Court of Hidalgo County had transferred a 70-foot right of way to the State of Texas. There was testimony by the Deputy County Clerk that she had searched the minutes of the court and had not been able to find any action of the commissioners court designating any actual width of the right of way to the road in question. Appellants offered witness Evans' testimony to establish that the commissioners court had voted a 70-foot right of way. This evidence was cumulative of other evience in the record as to the width of the right of way and of the transfer of the right of way to the State of Texas. We hold that if the court was in error that such error was harmless. Rule 434, Texas Rules of Civil Procedure. All of appellants' other points concern the sufficiency and preponderance of the evidence as to the disputed strip of land in question. We have considered all of these points and are satisfied that the evidence is sufficient, legally and factually to show plaintiffs' title and right of possession to the land in controversy and to uphold the trial court's judgment that the State did not prove an easement by prescription. Appellants' points are overruled.

Judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

Appellants in their motion for rehearing have renewed all of their original points

of error and have filed thirteen requests for findings of fact and conclusions of law under Rules 451 and 453, T.R.C.P. In our original opinion we stated that this particular case turned on the question of whether or not the State has a superior title to the narrow strip of land in question and is entitled to possession of this property. The State's claim was by prescriptive use. We held that the State did not prove that it had acquired an easement over this land by prescription.

We do not agree with appellants' opening statement that a number of facts listed by appellents are undisputed in the record. Many of the facts concerning possession of the area in question and the width of the right of way were in sharp dispute between the parties.

We have again reviewed appellants' points and are of the opinion that we originally passed on and stated our findings and conclusions as to all points of error contained in appellants' brief. We expressly held that the evidence supports the trial court's findings and conclusions of law that the defendant public officials were acting as individuals and their action was not that of the State of Texas. We again re-affirm the procedure set forth by the Supreme Court in State v. Lain, supra, and believe that the trial court followed such procedure correctly. We expressly found that there was evidence sufficient to uphold the judgment of the trial court that the State of Texas had not exercised possession or control of the disputed strip. We again find that there was sufficient evidence of appellees' continued possession and that the trial court was warranted in finding that appellees had prior possession of the strip in question. We reviewed the voluminous record and recited in our original opinion that the County of Hidalgo did not acquire by condemnation the strip of land in question. The State of Texas' claim followed that of the County's. The evidence was sufficient to uphold the trial court's finding that the appellees had title in themselves and had proved the same through a common source and by prior possession.

The State's fifth request that we find whether or not the State's pleadings admit record title in Carl Edmund, is immaterial to a correct disposition of this appeal. There is no necessity for anyone to prove that a common source has record title. Davis v. Lund, 41 S.W.2d 57 (Tex.Com.App. 1931, Op. app. by the Sup. Ct.); McBride v. Loomis, 212 S.W. 480 (Tex.Com.App. 1919, Op. adopted and entered as judgment of the Supreme Court); Temple Lumber Co. v. Arnold, 14 S.W.2d 926 (Tex.Civ. App1929, wr. dism.); Jackson v. Jackson, 114 S.W.2d 644 (Tex.Civ.App.1938, wr. dism.); Krasa v. Derrico, 193 S.W.2d 891 (Tex.Civ.App.1946).

We have carefully reviewed all of these requests of findings and are satisfied that our original opinion has amply disposed of all the points of error and has recited all findings material to the judgment of the court. It is not the duty of the Court of Civil Appeals on a motion for additional findings of fact to recite evidence or make legal conclusions which may conflict with findings heretofore made by the Court. See Prasek v. Dudley, 395 S.W.2d 876, on rehearing (Tex.Civ.App.—Corpus Christi 1965) and cases therein cited. We here repeat and confirm the findings and conclusions stated in our original opinion. We find that the evidence supports the trial court's findings and that there was no reversible error committed by the trial court.

Appellants' motion for rehearing is overruled.