Cecil P. BRYANT, Appellant,

v.

Chester W. KIMMONS, Appellee.

No. 11605.

Court of Civil Appeals of Texas.

Austin.

June 19, 1968.

Russell G. Ferguson, Austin, for appellant.

Garey, Colbert & Kidd, Joe Colbert, Austin, for appellee.

O'QUINN, Justice.

This is an appeal from action of a district court in Travis County overruling a plea of privilege to be sued in Orange County.

Chester W. Kimmons brought suit for damages in Travis County against Charles H. Backhaus, doing business as Accurate Iron Works, and Cecil P. Bryant for personal injuries sustained in Travis County when part of a building under construction collapsed.

Kimmons alleged that Backhaus was a resident of Travis County and that in February, 1967, "a part of a building owned by and being constructed by Cecil P. Bryant and a part of which had been manufactured and installed by Accurate Iron Works collapsed and injured * * * Kimmons in Travis County * * *" Kimmons also alledged that his resulting injuries "were proximately caused by the negligence of * * * Backhaus * * * or the defendant Cecil P. Bryant to plaintiff's damage * * * in excess of the minimum jurisdiction of * * *" the trial court.

Backhaus made an appearance by original answer. Bryant filed his verified plea of privilege to be sued in Orange County, the county of his residence. Bryant asserted that Kimmons as plaintiff admitted the injury complained of resulted from collapse "of a part which had been manufactured and installed by defendant Accurate Iron Works" and by this allegation admitted that whatever cause of action Kimmons might have against Accurate Iron Works was "not intimately connected with the cause of action, if any, he has against this plaintiff."

Kimmons filed a verified controverting plea setting up Sections 4 and 9a of Article 1995, Vernon's Ann.Civ.Sts., as the applicable exceptions in this case.

The trial court heard the plea of privilege without the intervention of a jury. Evidence adduced at the hearing consisted of the testimony of Bryant, certain documentary evidence, and plaintiff's request for admissions and responses of Backhaus.

Bryant objected to introduction of the request for admissions and the answers of Backhaus in response. The trial court overruled the objection and Bryant timely excepted. Kimmons stated the "requests for admissions are introduced for the purpose of proving a cause of action against Mr. Backhaus, pursuant to Section 4."

The trial court overruled Bryant's plea of privilege in an order entered December 21, 1967, from which this appeal has been taken. On the same date Bryant requested the court to make findings of fact, which was noted by the court.

Later, on January 4, 1968, Bryant again requested the court to make findings of fact. The trial court refused the request in writing January 8 in accordance with Rule 385, Texas Rules of Civil Procedure.

Bryant assails the action of the trial court in overruling the plea of privilege under three points of error. Under the first point Bryant asserts there was no evidence to support the judgment of the court. Bryant claims under the second point that the trial court erred in receiving into evidence the request for admissions and replies of Backhaus because the request and responses were no evidence against Bryant in the plea of privilege hearing. The third point is generally that no exception to exclusive venue to be sued in the county of residence exists in this case under Article 1995.

These points are briefed together and will be considered together.

■ Under paragraph (e) of Rule 385 the "trial judge need not file findings of fact * * *" in appeals from interlocutory orders. The requirements of Rules 296, 297, and 298 as to findings of fact by the trial court are not applicable in appeals taken in plea of privilege cases. Trinity Universal Ins. Co. v. Wallace, 187 S.W.2d 715 (Tex. Civ.App., San Antonio, no writ); Gulf-craft, Inc. v. Henderson, 300 S.W.2d 768 (Tex.Civ.App., Galveston, no writ); Adams v. Corbin, 301 S.W.2d 209 (Tex.Civ.App., Texarkana, writ dsmd.); Rule 385, Texas Rules of Civil Procedure.

■ The order of the trial court overruling Bryant's plea of privilege did not state the ground upon which the plea was overruled. There being no findings of fact or conclusions of law, and no ground stated in the trial court's order, the judgment must be affirmed if the petition and proof bring this case within any exception to exclusive venue. The appellate court must assume the trial court based its action on the pleadings and proof made by the plaintiff in opposition to the assertion by defendant of his privilege. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Connor v. Texas Bank and Trust Co. of Dallas, 259 S.W.2d 901 (Tex.Civ.App., Texarkana, no writ). Every issue sufficiently raised by the testimony must be resolved in support of the judgment. Adams v. Corbin, supra.

Bryant relies on Allan Construction Co. v. Soliz, 421 S.W.2d 423 (Tex.Civ.App., Austin, no writ), for the proposition that where appropriate request has been made for findings of fact and conclusions of law, findings on every material issue must be prepared and filed by the trial judge, and the appellate court may not indulge in presumptions that the trial court found facts to support his judgment. The Soliz case is authority for the proposition that if the trial judge does file findings of fact and conclusions of law in a plea of privilege matter, the trial judge must make findings on all material issues in the case, and no presumption will be made by the appellate court of a finding in favor of a material issue on which findings were omitted. The Soliz case is not in point in this appeal.

Kimmons filed request for admissions on December 11, 1967, addressed to Backhaus or his attorneys. The request had been served on the attorneys for Backhaus on December 8. Copy of the request and copy of letter of transmittal to the clerk of the court were mailed to attorney of record for Bryant on December 8.

The responses of Backhaus were delivered to attorneys for Kimmons on December 18, 1967, and copies were furnished attorney for Bryant the same day. Copy of the answers was filed with the clerk on the afternoon of December 18. Hearing on the plea of privilege was held the following morning, December 19.

The rule is firmly established that admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, are not evidence against other defendants in the same case. Sanchez v. Caroland, 274 S.W.2d 114 (Tex. Civ.App., Fort Worth, no writ); Talbott v. Hogg, 298 S.W.2d 883 (Tex.Civ.App., Amarillo, writ dsmd.); Richards Oil Co. v. W S Luckie Inc., 391 S.W.2d 135 (Tex.Civ. App., Austin, writ ref. n. r. e.); Davis v. Coastal States Petrochemical Co., 405 S.W. 2d 854 (Tex.Civ.App., Houston, no writ). Only the defendant against whom the evidence is tendered, or someone having authority from him, can make such an admission against his interest. Talbott v. Hogg and Sanchez v. Caroland, supra.

The trial court erred in allowing the admissions of Backhaus to be introduced as evidence in support of the controverting affidavit and in denial of the plea of privilege.

Kimmons contends that by serving Bryant's attorney with a copy of the request for admissions addressed to Backhaus, the answers by Backhaus were admissible against Bryant at the hearing on the plea of privilege. We do not agree. The admissions of Backhaus are hearsay as to Bryant and constitute no legally admissible evidence or proof of any fact against Bryant. Davis v. Coastal States Petrochemical Co., supra.

There is a difference between giving notice to a defendant of requests for admissions being directed to another party and serving upon such defendant requests for admissions directed to him for his responses. In Krasa v. Derrico, 193 S.W.2d 891 (Tex. Civ.App., San Antonio, no writ), request for admissions was addressed to a defendant individually and not to her in two representative capacities in which she was also sued. The court held that her failure to answer could not be taken as admissions against her in the representative capacities. 193 S.W.2d 891, 892, col. 2.

On appeal Kimmons argues that the request and the admissions may be considered by a trial court in a plea of privilege hearing if the non-resident defendant is aware the request was sent to the resident defendant and also knows the responses made to the request. Kimmons relies on Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex. Civ.App., Dallas, no writ), to support this argument. The case is not in point. In that case Mooney Aircraft waived its venue privilege by invoking the general jurisdiction of the court in a motion to consolidate two causes. 377 S.W.2d 123, 128, col. 1.

It is settled law that the plaintiff has the burden of proof to establish the existence of the venue facts upon which the venue exception depends. McDonald, Texas Civil Practice, Vol. 1, sec. 4.55, p. 611, and cases cited. Venue facts needed to prove the exception must be produced through "extrinsic evidence sufficient to establish * * * by a preponderance of the evidence" the allegations in the petition or the controverting affidavit. McDonald, supra, p. 612, and cases cited.

A stipulation to which the defendant was not a party has been held not to be such evidence as to deprive the defendant of his right to be sued in the county of his residence. Gilley v. Morse, 375 S.W.2d 569 (Tex.Civ.App., Dallas, no writ). The stipulation was that certain defendants were residents of the county in which suit had been brought and that plaintiff had "a prima facie case against the resident defendant[s]." The defendant asserting his privilege was not bound by the stipulation, to which he made timely objection. The court held that plaintiffs had failed to prove by competent evidence that they had in fact a bona fide cause of action against the resident defendants. 375 S.W.2d 569, 570, col. 1.

The same evil inherent in the use of stipulations, to which the non-resident defendant objects and to which he was not a party, attends the use of admissions, the

request for which were not addressed to the objecting defendant. The right of venue is recognized by the courts as a valuable right and should not be defeated by admissions to which defendant was not a party in the discovery procedure.

Neither Kimmons nor Backhaus testified at the hearing on the plea of privilege. The only witness to testify was Bryant who stated that for the past twenty years and at the time of the hearing he was a resident of Orange County. He admitted he owned the building under construction. The structure was designed by engineers of the United States postoffice department. Bryant denied that he was a general contractor and introduced his contract with Backhaus for manufacture and installation of the canopy that Kimmons claimed in his petition had fallen. Bryant testified that he knew that under the plans and specifications the steel members of the rear door canopy were designed to extend through the outside wall and be welded to the steel beams of the roof. It was Bryant's testimony that he did not know how the canopy had been installed until after it had fallen and he learned that it had not been welded to the beams of the roof. Bryant stated that he was a school teacher and did not supervise construction of the building, although he did visit the site on week-end trips to Travis County.

■■■ Kimmons relied upon the admissions of Backhaus to prove (1) that Backhaus was a resident of Travis County, (2) that the causes of action against both Bryant and Backhaus were intimately connected, and (3) that Kimmons had a cause of action against Backhaus, the resident defendant, in satisfaction of the requirements of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. In the absence of such proof, venue could not be sustained in Travis County as to Bryant under Section 4, Article 1995.

Kimmons also relies upon the exception under Section 9a of Article 1995. The venue facts required are (1) that an act or omission of negligence occurred in the county of suit; (2) that the act or omission was that of the non-resident defendant, or his agent acting in the scope of employment; and (3) that the negligence was a proximate cause of plaintiff's injuries.

Kimmons depends for proof upon the testimony of Bryant that Bryant recognized that installation of the canopy by Backhaus was shoddy, and two months before the canopy fell Bryant had notice from inspectors of the postoffice department that it was warped and had "not been constructed in accordance with the tentative drawings." Bryant also testified that as early as September, 1966, he had begun to doubt the competency of Backhaus' work and continued his doubt until February, 1967, when the canopy fell. Bryant said he had not paid Backhaus any money for that reason.

To show other venue facts, Kimmons relied on the admissions of Backhaus. In his responses Backhaus stated that Bryant was present when the canopy was installed originally and instructed Backhaus in certain of the changes made in the method of attachment of the canopy. Backhaus also admitted that when the canopy collapsed, Kimmons sustained personal injuries.

Our holding that the trial court erred in permitting the admissions of Backhaus to be introduced as evidence opposing the plea of privilege renders the proof under Section 9a incomplete. Even if sufficient proof was made from Bryant's testimony of the first two requirements, a holding we do not make, proof under the third requirement could come only from the admissions of Backhaus.

■■■ To prove that negligence, if established, was a proximate cause of plaintiff's injuries, plaintiff must show that he sustained some injury. Burris v. Wilson, 363 S.W.2d 885 (Tex.Civ.App., Amarillo, no writ). Without the admissions of Backhaus, there is no evidence of personal injuries to Kimmons. In Burris v. Wilson the court observed:

"It appears axiomatic from a reading of the venue exception * * * that one

seeking to sustain venue under such exception must prove that he sustained some injury or else it would be impossible to sustain the burden of the third requirement of Section 9a to the effect that the defendant's negligence was a proximate cause of *plaintiff's injuries.* Petrey et al. v. Williams et al., Tex.Civ.App., 312 S.W. 2d 383."

The court reasoned from the holding in Process Engineering Company of Fort Worth v. Rosson, 287 S.W.2d 511 (Tex.Civ. App., Galveston, no writ), in which it was said that in order to maintain venue under Section 9a it was necessary to prove negligence for which a civil action for damages will lie, and said, "A civil action for damages will not lie unless some damages are proven." 363 S.W.2d 885, 887, col. 2.

The judgment of the trial court overruling the plea of privilege is reversed and the cause is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.