PER CURIAM.
Because disputed issues of material fact remain unresolved, we reverse the probate *722 court’s judgment, which is in effect a final summary judgment. See Fla.R.Civ.P. 1.510(c). Even if the probate court correctly assumed that Harold Blits, in his personal capacity, was able to admit the assertion in the request for admission, cfi Krasa v. Derrico, 193 S.W.2d 891 (Tex.Ct.App.1946) (admitted request for admission directed at party in her personal capacity is not also admission in her representative capacity), when considered in conjunction with Harold’s prior affidavit, the admission does not establish that Harold has or ever had possession of the share certificate. The probate court, therefore, incorrectly granted final judgment. Cf. Dade Roofing & Insulation Corp. v. Torres, 369 So.2d 98 (Fla. 3d DCA 1979) (summary judgment improperly granted where disputed issue remained concerning whether corporate president converted corporate assets). Since H & J Blits, Inc. is not a party in this action, Hannah Blits must show that Harold is himself wrongfully withholding the share certificate. It is not sufficient for Hannah to merely show that either Harold or the corporation wrongfully acquired or possesses it. Accordingly, we reverse and remand for a trial on the issues raised by the pleadings.